# Forehand *v.* White Sewing Machine Co.

### Assumpsit.

#### (Decided November 14, 1915. 70 South. 147.)

1. **Witnesses; Examination; Responsive Answer.**—Where the action was for the purchase price of sewing machines, and a witness answering an interrogatory attached to his deposition a copy of the order for the machines, such evidence was relevant and material, and the right to object that it was not responsive rested alone with the party asking the question.

2. **Deposition; Objections; Before Trial.**—An objection that a copy of the order for sewing machines, attached to a witness's answer to deposition, was not the best evidence, was waived by a failure to object before going to trial.

3. **Principal and Agent; Apparent Authority.**—The general authority of an agent to sell sewing machines gave him no apparent authority to bind his principal by an agreement to furnish a salesman to resell the machine for the buyer on a commission.

4. **Same; Declarations of Agent.**—Where the action was for the purchase price of sewing machines, and it appeared that the sale was made by M. and that M. agreed with the buyer to furnish a salesman to sell the machines for the buyer for a commission, but the sewing machine company was not a party to this agreement on the face of the contract, and it did not appear that plaintiff was at all concerned about its performance, a letter from M. to defendant, the buyer, with regard to carrying out this agreement,

[Forehand v. White Sewing Machine Co.]

not purporting to speak for plaintiff, and written long after the sale of the machine, and at a time when M. was not shown to have had authority from plaintiff, was properly excluded.

5. Sales; Price; Action; Value.—Where it was not disputed that defendant got the machines and agreed to pay a fixed price for them, evidence as to their value was immaterial.

APPEAL from Coffee Circuit Court.

Heord before Hon. H. A. PEARCE.

Assumpsit by the White Sewing Machine Company against M. O. Forehand. Judgment for plaintiff, and defendant appeals. Affirmed.

The action was brought upon a verified, itemized account, and the correctness of this account was denied under oath by defendant. To support its action plaintiff filed interrogatories to W. W. Chase and C. A. Nelson. In answering interrogatories the witness Chase attached what purported to be a copy of the original order for 58 machines at the price of $1,150, and certain letters, also bill of lading concerning the shipment of the 58 machines. Defendant objected to the introduction of these matters because not responsive and because immaterial and irrelevant, and that it was secondary, the objection being made as the answers were being read to the jury. In his defense Forehand set up an agreement between himself and Clark & Morehead, alleged to have been entered into on June 22, 1913, by which they agreed to furnish Forehand a salesman to sell 50 sewing machines for the said Forehand, all sales to be subject to the approval of Forehand, and said Forehand to pay a cash commission of $7.50 for each sale, and to furnish wagon and teams, and all expenses of wagon and teams, the salesman to pay his own expenses. It is further understood that in the event said sewing machines are not sold, Clark & Morehead will reship all machines not sold in good condition and credit Forehand at invoice price, plus freight, Clark & Morehead reserving territory as follows: Coffee, Covington and Geneva counties. On January 13, 1914, Forehand received a letter from Morehead, in which he stated that he had seen C. Hagnie, who had been unwell, but who was now well and ready to sell the machines for Forehand, when Forehand wanted him, but that he had had no reply from Forehand concerning this matter, and that he was now ready to carry out his contract. The other matters sufficiently appear.

14—195

[Forehand v. White Sewing Machine Co.]

H. L. Martin, for appellant. R. H. Arrington, for appellee.

SAYRE, J.—Action by appellee against appellant for the price of 50 sewing machines.

(1, 2) It may be conceded that appellee's interrogatory to the witness Chase did not call for a copy of appellant's order for the machines on account of which he was being sued; but the order, if genuine, constituted the contract between the parties, and was, of course, relevant and material to the issue of appellant's liability. It is well settled that only the party asking the question may object to such an answer on the peculiar ground that it is not responsive. So, likewise, the copy exhibited by the witness with his deposition, and purporting to be a copy of the order or contract signed by appellant, was not the best evidence of the document appellee sought to prove. But the testimony having been taken by deposition, appellant had an opportunity to object to the admissibility of the attached copy before going to trial. By suffering appellee to enter upon the trial in reliance upon this evidence, and by withholding his specific objection that this evidence offered was secondary until the deposition was being read, appellant waived the objection on account of its inferior character, which would have been available if taken in due time.—*Sowell v. Bank of Brewton,* 119 Ala. 92, 24 South. 585. None of the assignments of error based upon the admission of the copy can be sustained.

(3, 4) The agreement upon which appellant relied in defense showed on its face that it was a contract between appellant and Morehead concerning the sale by the latter for appellant of the 50 machines bought by appellant from appellee. Morehead had acted as agent for appellee in negotiating the sale to appellant; but appellee was not a party to the face of the contract between appellant and Morehead, nor was it made to appear that appellee had any interest in it, or was at all concerned about its performance. If it be assumed, agreeably to appellant's testimony, that he did not execute the contract or order upon which appellee relied, and hence that he had a right to rely upon the appearance of Morehead's general authority, still the latter's general author to sell machines for the White Company did not import an authority as agent for the company to peddle them for the account of appellant. The letter which Morehead, long afterwards and

[W. P. Brown & Sons Lumber Co. v. Steele, et al.]

at a time when he was not shown to have any authority from appellee, wrote to appellant in reference to the contract which he (Morehead) had undertaken in his own name and behalf to perform did not purport to speak for appellee, nor did it otherwise appear to have any bearing upon the contract, however evidenced, into which the parties before the court had entered. It was properly excluded.—*Hill, Fontaine & Co. v. Helton,* 80 Ala. 528, 1 South. 340.

(5) The questions in respect to the value of the machine were irrelevant to any issue made in the cause. It was not disputed that appellant got the machines, and that he had agreed to pay a fixed price for them.

It thus appears that the trial was unaffected by error.
Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.