LUCE SCHOOL TOWNSHIP, ET AL. *v.* SCHOOL CITY OF ROCKPORT ET AL.

[No. 12,934.   Filed December 21, 1927.]

1.   SCHOOLS AND SCHOOL DISTRICTS.—*Courts have jurisdiction of actions between school corporations to recover amount due because of transfers of children from another school corporation.* —Since the provision of the school transfer law of 1901 conferring power on the county auditor to determine the amount due from one school corporation to another (Acts 1901 p. 448, §2, §6920 Burns 1926) was repealed by the 1907 act on the same subject (Acts 1907 p. 321, §2), and the later act contains no provision for the settlement of disputes between two school corporations, the courts have jurisdiction over an action by one school corporation against another to recover the amount claimed to be due because of transfers of children from one corporation to another.   p. 644.

2.   SCHOOLS AND SCHOOL DISTRICTS.—*Statute relating to transfer of children in orphan homes and other institutions not applicable to controversies between school corporations as to transfer funds.*—Section 6930 Burns 1926 is an act relating to the transfer of school children committed to orphan homes and other custodial institutions, and has no application

to a controversy over the amount due one school corporation for tuition for pupils transferred from another corporation. p. 644.

3.   APPEAL.—*Error in admission of evidence not presented when appellant's brief does not contain evidence, nor show objections and exceptions.*—No question as to the admission of evidence is presented on appeal where appellant's brief does not set out the evidence admitted nor show what, if any, objections were made to the introduction of the evidence, nor that exceptions were reserved to the ruling of the court on such objections.   p. 645.

4.   WITNESSES.—*Right to strike out answer of witness that is not responsive.*—The party who is questioning a witness has the right to have an answer struck out because it is not responsive to the question asked, but the adverse party does not have such right.   That is the right of the one who puts the question, and not of his antagonist.   p. 645.

From Spencer Circuit Court; *Oscar C. Minor,* Judge.

Action by the School City of Rockport and others against Luce School Township and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the court in banc.

*Ralph E. Roberts,* for appellants.

*L. N. Savage,* for appellees.

McMAHAN, J.—This is an action by the appellees to recover money alleged to be due on school transfers from Luce school township, in Spencer county, to the school corporation of the city of Rockport, in two paragraphs. First paragraph declares upon an open account and seeks recovery for the education of certain pupils residing in Luce school township, who attended school in the city of Rockport during the school years of 1918, 1919, 1920, 1921, 1922.

The second paragraph is based on transfers issued by the trustee of Luce school township and the county superintendent of schools to the high school of the school city of Rockport, covering the period from September, 1918, to June, 1923, for certain pupils alleged to have been duly transferred from the schools of Luce school township to the schools of the school city of Rockport.

The court sustained a demurrer to a plea in abatement filed by appellants, and overruled their demurrer to each paragraph of the complaint. A trial by the court resulted in a judgment in favor of appellees for $3,944.

Appellants' first contention is that the court had no jurisdiction over the subject-matter; that the law requires the creditor school corporation, on the refusal of the debtor school corporation to pay, to make a written statement to the county auditor, who is by law given the power to hear and determine the matter.

In support of this contention, appellants cite §§6920, 6922, 6924, 6930 Burns 1926. Section 6920 Burns 1926 is §2 of an act regulating the transfer of children from one school corporation to another, fixing the price of tuition, and repealing all laws in conflict therewith, as amended in 1921, Acts 1921 p. 180, and provides that the school trustee, board of school trustees or commissioners of the school corporation in which the transferred child resides shall pay out of the special school fund, or out of the tuition fund, at his discretion, to the officer of the school corporation to which the child is transferred, an amount equal to the *per capita* cost of education in the corporation to which the child is transferred. Section 6922 Burns 1926, *supra,* is §4 of the above mentioned act of 1901, and provides that if the debtor corporation refuses to pay any sum claimed to be due by another corporation, the creditor corporation shall make a written statement of the case to the county auditor, who shall have power to hear and determine the matter, and if the auditor holds any given sum is due the complaining corporation, he shall, at the next semi-annual distribution of school revenues, withhold such sum from the amount otherwise due the debtor corporation.

Section 6924 Burns 1926, *supra,* is §1 of an act concerning the transfer of school children, approved March,

644    APPELLATE COURT OF INDIANA,

Luce School Tp. *v.* School City of Rockport—86 Ind. App. 641.

1907, Acts 1907 p. 321, as amended in 1909, Acts 1909 p. 331. This section, as enacted in 1907, provided that the creditor corporation should file a statement showing all transfers with the name of each child and the amount due because of the transfer. With whom this statement should be filed was not disclosed. A duplicate of this statement was required to be filed with the debtor corporation. The county auditor, at the July distribution of the same year, was required to deduct a certain amount from the apportionment of the tuition fund and to transfer the amount so deducted to the amount apportioned to the creditor corporation. No provision was made for the settlement of any dispute that might arise between the two school corporations. In case of transfers from a corporation in one county to a corporation in another county, a certified copy of the statement between the counties was required to be filed with the state superintendent, who should make the adjustment between the counties. By Section 2 of this last act all of the act of 1901 in conflict therewith was expressly repealed. Section 1 of the act of 1907, as amended in 1909, omits all provisions for the filing of statements with the county auditor and state superintendent of public instruction and the deduction and transfer by them of the funds from the debtor corporation to the creditor corporation.

A decision of the questions involved does not call for a determination of the power of the legislature to confer judicial powers on the county auditor, or 1, 2. whether said §6922 Burns 1926, deprived the court of jurisdiction to determine and settle questions relating to the amount due from one school corporation to another on account of the transfer of children for school purposes. It is sufficient to say the subject is now controlled by the provisions of §6924 Burns 1926, *supra,* and that no such provisions are to

be found in that section.   Section 6930 Burns 1926 is §4 of an act relating to the transfer of children committed to orphan homes and other custodial institutions. If it be conceded that the courts have no jurisdiction over the subject-matter when the children are inmates of some institution, the statute last mentioned is not in point.

Appellants contend they should have been granted a new trial because: (a) The decision of the court is not sustained by sufficient evidence; (b) because of error in the admission of evidence; and (c) because the amount of recovery is too large.   The evidence is ample to sustain the decision of the court, and the amount of the recovery.

Complaint is made of the action of the court in admitting in evidence a large number of exhibits, said to be transfers of certain named children, and the record of school attendance of a number of children. These exhibits are not set out in appellant's brief. Nor does the brief show what, if any, objection was made to the introduction of any of them in evidence, nor is there any showing that any exceptions were reserved. It follows that no question relating to the exclusion of any of these exhibits is presented for our determination.

The deposition of John H. Diehl, a witness for appellee, was read in evidence.   Appellee's exhibit "A" was shown the witness and he was asked if he knew what it was.   Appellant objected to the reading of the answer to this question in evidence on the ground that it was not responsive to the question. Part of the answer was responsive, while other parts were not responsive.   A party examining a witness has the right to insist that the answers of the witness shall be responsive to the questions, and may have irresponsive answers, or the part of an answer which is not responsive to the question, stricken out on motion

timely made.   The other party, however, does not have
the right to have an answer stricken out simply because
it is not responsive to the question asked.   That is the
right of the one who puts the question; and not of his
antagonist.   *Forehand* v. *White Sewing Machine Co.*
(1915), 195 Ala. 208, 70 So. 147; *Talley* v. *Whitlock*
(1916), 199 Ala. 28, 73 So. 976; *Dice* v. *Johnson* (1924),
198 Iowa 1093, 199 N. W. 346; *Merkle* v. *Bennington*
(1885), 58 Mich. 156, 163, 24 N. W. 776, 55 Am. Rep.
666; *Jones* v. *New York, etc., R. Co.* (1899), 61
N. Y. Supp. 721, 46 App. Div. 470.   See, also, *Lake
Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335, 354,
77 N. E. 599.   There was no error in overruling the
motion for a new trial.

Judgment affirmed.

Dausman, J., absent.