PULLIAM ET AL. *v.* HERVEY ET AL.

[No. 17,344.    Filed March 13, 1945.]

*Cornelius S. Weaver,* of Indianapolis, for appellants.

*Chalmer Schlosser,* of Indianapolis, and *Otis Gulley,* of Danville, for appellees.

DOWELL, P. J.—This appeal is predicated on an asserted adverse decree resulting from the trial of a cause of partition of real estate.

Appellants assign eleven errors quoted as follows:

"1.  The Court erred in overruling Appellants motion for trial by jury.

"2.  The Court erred in sustaining plaintiff's demur to Appellants answer to plaintiff's complaint.

"3.  The Court erred in sustaining plaintiff's demur to Appellants Cross-Complaint.  And the Court erred in requiring defendant to plead over in his Cross-Complaint.

"4.  The Court erred in sustaining the motion of plaintiff to require Appellants to make their Cross-Complaint more specific and ruling Appellants to plead over.

"5.  The Court erred in overruling Appellants motion for withdrawl of answer for the purpose of filing motion to require plaintiff to make his complaint more specific, (which motion to make more specific was tendered with the motion to withdraw answer).

"6.  The Court erred in its finding of facts in that they are not in accord with the testimony of witnesses and the evidence.

"7.  The Court erred in each of its conclusions of law stated upon the special findings of facts.

"8.  The Court erred in not stating conclusions of law, when a motion that it so do was duly filed by the herein Appellants over three weeks before the trial of the cause.

"9.  The Court erred in overruling Appellants motion for a new trial.

"10. The Court erred in insufficiently stating its conclusion of law.

"11. That without the knowledge, consent or presence of Attorney for Appellants to which proceedure Appellants object the Court made an order allowing plaintiff's Attorney $1000.00 partial allowance, that same was not discovered until the bill of exceptions was made up that same is contrary to law."

With a brief reference to the well settled rule that we cannot resort to the record in search of error whereon to reverse we observe:

1. That the decree of the trial court is not set out in the brief, nor a reference to the pages and lines of the transcript where same may be found.

2. That the brief does not contain a disclosure of how the issues were decided.

3. That the brief does not contain a condensed recital of the evidence.

4. That the brief does not set out the special findings of fact nor the conclusions of law nor appellants' motion with respect thereto.

5. Appellants' original answer and cross-complaint, to which demurrers are asserted to have been sustained, do not appear in the brief, nor does it set out the demurrers.

6. The brief does not set out plaintiffs' motion to make the cross-complaint more specific nor the ruling of the court thereon.

7. Appellants' motion to withdraw answer and to file motion to make more specific and the ruling of the court thereon do not appear in the brief.

8. The ruling of the court on appellants' motion for new trial does not appear in the brief.

9. No record appears, in brief or transcript, of pro-

ceedings wherein an allowance of fees was made by the court below.

Appellants' motion for a new trial is in eleven specifications, six of which require consideration of matters not set out in the brief such as the evidence, the special findings, the conclusions of law, motions and rulings thereon, etc. The remaining specifications are addressed to assert error in the rejection of certain evidence proffered by appellant. No transcript reference is made with respect thereto and we have before us only those portions of same which are quoted in the motion for a new trial. By these it is made apparent that appellants offers to prove were made after objections were sustained to the questions propounded. It has been held many times that an offer to prove made after an objection has been sustained comes too late and an exception reserved thereto presents no question on appeal. *Toner* v. *Wagner* (1902), 158 Ind. 447, 63 N. E. 859; *Gunder* v. *Tibbits, Adm.* (1899), 153 Ind. 591, 55 N. E. 762; *Weinstein* v. *State of Indiana* (1935), 208 Ind. 364, 196 N. E. 221; *Kitch, Adm.* v. *Moslander* (1943), 114 Ind. App. 74, 50 N. E. (2d) 933.

In the light of the aforegoing it is obvious that we have before us no questions for review.

Affirmed.

NOTE.—Reported in 59 N. E. (2d) 738.