PIRCHIO ET AL. *v.* NOECKER ET AL.

[No. 28,494. Filed December 16, 1948.]

624

*Seebirt, Oare & Deahl* and *Irving A. Hurwich,* all of South Bend, attorneys for appellants.

*Hammerschmidt & Johnson,* and *Joseph E. Ettel,* all of South Bend, attorneys for appellees.

STARR, C. J.—Appellants brought this action to cancel a written contract wherein the appellants had agreed to sell to the appellees, Norbert L. and Ann Noecker, a certain parcel of real estate located in South Bend, Indiana. These same appellees filed a counterclaim seeking specific performance of the contract. Trial by the court resulted in a judgment rendered on June 9, 1947, against appellants on this complaint in favor of all the appellees; and judgment on the counterclaim for specific performance and damages in the sum of $1,000 in favor of said appellees, Noecker and Noecker, and against appellants.

This contract was entered into on April 2, 1942. Therein it was agreed that the appellants would sell and convey to the appellees, Noecker and Noecker, certain real estate for the sum of $6,250 to be payable as follows: $250 in cash and not less than $60 on the first day of each consecutive month commencing on the first day of April, 1942, until the entire purchase price with interest thereon, at six percent per annum computed monthly, had been fully paid. This contract contained other covenants and agreements on the part of the purchasers usually found in contracts for the

purchase of real estate. It also provided that time was the essence of the contract, and on failure of appellees to perform any of the covenants to be by them performed, or failure by them to make any payments therein provided at the time stipulated, would work a forfeiture of the contract without demand or notice; and that upon such forfeiture, the purchasers would immediately surrender possession of the premises.

This suit was commenced June 17, 1946. On August 1, 1946, the appellees, Noecker and Noecker, tendered to the appellants the balance owing by them on the contract of purchase, and demanded a deed, etc., which tender and demand were refused. On August 9, 1946, the appellees, Noecker and Noecker, contracted to sell the involved property to appellees, Cool and Cool, for the sum of $8,500. Thereafter, on August 16, 1946, Noecker and Noecker filed their counterclaim for specific performance, and turned over said tender to the clerk of the trial court.

Appellants' assigned error is the overruling of their motion for a new trial. By this motion the appellants have questioned the ruling of the court in the rejection of certain evidence by sustaining objections to several questions propounded to appellant, Pasquale Pirchio, by his counsel on his examination in chief. This offered evidence was in regard to the defaults relied upon in the complaint as grounds for forfeiture. No question is raised as to any of these rulings, as in each instance the record discloses that the appellants' offer to prove came after the court had sustained appellee's objection to the particular question. *Gunder* v. *Tibbits* (1899), 153 Ind. 591, 55 N. E. 762; *Pulliam* v. *Hervey* (1945), 115 Ind. App. 466, 59 N. E. 2d 738.

The only evidence to establish the amount of counter-claimants' damages was, by way of testimony, offered by the counterclaimants, and was to the effect that they sold this property to the appellees, Cool and Cool, for $8,500 on August 9, 1946; that on this date the fair market value thereof, if immediate delivery could have been made to the purchasers, would have been $10,500; that due to the pendency of appellants' suit at that time, and to the further fact that immediate possession could not be given or title conveyed, its value at that time was $8,500. Appellants made timely objection to this testimony on the ground that it was not within the issues, and have properly questioned it by their motion for a new trial. There was other evidence offered by the appellees from which the inference could be drawn that the appellants had brought their suit without justification to harass the counterclaimants, and to prevent them from making an advantageous sale of this property; also, that their refusal to convey was based upon the same motive.

That portion of the counterclaim which was designated as a cross complaint which attempts to allege special damages, reads as follows:

"That at the time cross-plaintiffs tendered the balance due on said contract and made demand for conveyance as provided in said contract, they had received an offer of purchase of said property described in said contract for the sum of Ten Thousand Five Hundred Dollars ($10,500) which sale price cross-defendants had previous knowledge which offer cross-plaintiffs were unable to accept when cross-defendants without *justification and in bad faith refused to make* conveyance as demanded and as provided in said contract; that subsequently cross-plaintiffs entered into a contract for the sale of said property conditioned upon cross-plaintiffs obtaining conveyance of said property, and by reason of said conditional conveyance cross-plaintiffs

were able to obtain a purchase price of Eight Thousand Four Hundred Fifty-five dollars ($8,455) and will be damaged in the sum of Two Thousand and Forty-five dollars ($2,045) ;

"That at the time cross-plaintiffs tendered the balance due on said contract and made demand for conveyance as provided in said contract, the reasonable market value of said property was ten thousand five hundred dollars ($10,500.00) and that at said time with the suit of forfeiture pending demand for the delivery of the conveyance and of the property was refused and delivery of the property could not be obtained, the reasonable market value of said property was eight thousand five hundred dollars ($8,500.00) and that cross-plaintiffs were thereby damaged in the sum of Two Thousand ($2,000.00)." (Our Emphasis).

Although no question has been raised in this appeal as to these averments of damages, we are of the opinion the above quoted allegations of the counterclaim fail to allege any special damages. We construe the first paragraph thereof, as an attempt to collect for the loss of a sale due to the refusal to convey by the counter-defendants "without justification and in bad faith."

This case is not an exception to the general rule that the motive which induces a breach of contract, cannot be considered in awarding damages. *Investment Co.* v. *Burdick* (1903), 67 Kan. 329, 72 Pac. 781; 1 Sutherland, *Damages* § 99 (4th ed.). Under the facts in this case, damages cannot be assessed for the loss of a sale whatever the motive of the appellants. Such damages would be speculative and too remote. *Zimmern* v. *Williams* (1914), 190 Ala. 442, 67 So. 277; *Violet* v. *Rose* (1894), 39 Neb. 660, 58 N. W. 216; *Lynch* v. *Wright* (1899), 94 Fed. 703; *Hadley* v. *Baxendale* (1854), 9 Ex. 341; 2 Sutherland, *Damages* § 588 (4th ed.) ; 58 C. J., § 592, p. 1240.

Here the counterclaimants chose to enforce the contract. The appellants were guilty of refusing to transfer from the date of the tender of the balance of the purchase price, until they were ordered to do so by the decree of the court. The vendees being in possession, were entitled to recover as general damages, only the difference between the value of the land when the transfer should have been made, and when the transfer was ordered by the court. See *Violet* v. *Rose, supra;* also, 2 Sutherland, *Damages* § 579 (4th ed.). In this case there was no attempt to allege or prove damages due to delay. For elements of special damages which, if pleaded and proved, may be collected by the vendee in a case of this kind, see 2 Sutherland, *Damages* § 588 (4th ed.).

We construe the second paragraph of the portion of the counterclaim above quoted, as an attempt to collect damages for injury to counterclaimants' title to the involved property caused by the appellants by their bringing of this suit and by their refusal to convey. Some courts have recognized the right to claim damages resulting from slander of title in suits in equity. *Ward* v. *Mid-West & Gulf Co.* (1923), 97 Okla. 252, 223 Pac. 170. Whether such right exists in our jurisdiction, we need not decide. Here there is no allegation that the suit was maliciously and wrongfully brought without probable cause for the purpose of casting a cloud upon the counterclaimants' title to the involved property to the resultant damage of counterclaimants. This counterclaim fails to state facts sufficient to permit an award of damages for slander of title, or facts sufficient to even indicate that it was drawn on that theory. See 33 Am. Jur., Libel and Slander § 346, p. 311. All of this evidence was foreign to the issues and should not have been con-

sidered. *McCarthy* v. *Miller, Admx.* (1938), 213 Ind. 596, 12 N. E. 2d 348; *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156.

It is apparent that the evidence above referred to, as admitted over appellant's objection, could tend only to establish the damage sustained by the counterclaimants as the result of the filing and maintenance of appellants' suit, and not as the result of the appellants' refusal to perform the contract. Such damage is not within the issues in the case. Whether such evidence would have been admissible, had the facts sought to be proved been pleaded, we are not called upon to decide. The court, therefore, erred in overruling appellants' objection thereto.

There was ample evidence to warrant the court in decreeing specific performance in this case. The evidence most favorable to the counterclaimants discloses they had fully performed their side of the contract.

The decision of the court refusing to forfeit and cancel this contract, as requested by appellants, was not contrary to law. No evidence was admitted which would tend to prove grounds for forfeiture on the part of the appellants.

The cause is, therefore, affirmed on condition that appellees, Noecker and Noecker, remit within twenty days the sum of $1,000. Otherwise reversed and remanded with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 82 N. E. 2d 838.