McCORD *v.* STRADER ET AL.

[No. 28,467.  Filed June 9, 1949.]

390

*Harding & Harding,* of Crawfordsville, for appellant.

*Ringer & Ringer,* of Williamsport; *W. J. Sprow,* of Crawfordsville; and *White & White,* of Covington, for appellees.

JASPER, J.—Nettie A. Strader executed her purported will on February 7, 1944, and she died on December 19, 1945. Objections to the probate of the will were filed on December 22, 1945. The will was submitted for probate on the same date. Thereupon the appellees, as objectors, brought this action to resist the probate of the will, which was filed in acordance with the statute, and alleged unsoundness of mind, duress, fraud, and that the will was unduly executed. The matter was submitted to a jury and a verdict returned finding that the will was invalid and should not be admitted to probate. Judgment was entered accordingly.

A motion for a new trial was filed by appellant, and the overruling thereof is asigned as error. Under the motion for a new trial, the first two causes alleged are that the verdict of the jury was not sustained by sufficient evidence and that the verdict was contrary to law. Under these two assignments, appellant questions only the sufficiency of the evidence. These two causes will be disposed of together.

This being an action to resist the probate of a will, there is no merit in either of the first two causes for a new trial. The appellant, being the proponent of the will, had the burden of proof to show that the decedent was of sound mind and that the will was not unduly executed. *Kaiser* v. *Happel* (1941), 219 Ind. 28, 36 N. E. 2d 784; *Johnson* v. *Banker* (1923), 193 Ind. 16, 138 N. E. 505; *Herring* v. *Watson* (1914), 182 Ind. 374, 105 N. E. 900; *Willett* v. *Hall* (1942), 220 Ind. 310, 41 N. E. 2d 619; *Breadheft* v. *Cleveland* (1915), 184 Ind. 130, 108 N. E. 5, 110 N. E. 662. Therefore, in the absence of proof on the issues of soundness of mind and undue execution of the will, the verdict would necessarily have been for the appellees. Furthermore, the appellant admits in his brief that, as to the unsoundness of mind, the evidence was sufficient to have warranted the jury in finding for either the appellant or the appellees. This is not a case where the appellant's evidence on any issue was not disputed. It is sufficient to say that all of the evidence offered by the appellant, and admitted, was controverted by the evidence of the appellees.

As cause No. 3 for a new trial, the appellant assigns as error the court's refusal to withdraw from the jury the issue of undue execution of the will. Due to the burden of proof being on the appellant, it was not error to refuse to withdraw the issue of

undue execution of the will on motion of the appellant; and, as above stated, all of the evidence offered by the appellant, and admitted, was controverted by evidence of the appellees.

The appellant further attempts to assign as error that all of the parties necessary to the action were not before the court. The question was not raised below by demurrer or answer, and, while the statute, § 7-504, Burns' 1933 (1947 Supp.), is mandatory, it is possible to waive the failure to bring all parties before the court. This question cannot be presented for the first time upon appeal, as it must be first raised by demurrer, if such defect appears in the record, and otherwise by answer. *Faylor* v. *Fehler* (1914), 181 Ind. 441, 104 N. E. 22; *Thomas et al.* v. *Wood et al.* (1878), 61 Ind. 132.

Another ground brought forth as a cause for a new trial was the refusal of the court to permit the appellant to testify in his own behalf on rebuttal. Questions were propounded to him, to each of which the appellees objected. The trial court sustained the objection to all of the questions, after which the appellant made an offer to prove. It will be noticed, as above set out, that when the objection was made to the questions propounded to appellant, and the court sustained the objection, the offer to prove was not made until after the ruling of the court, and therefore no question is presented. See *Pirchio* v. *Noecker* (1948), 226 Ind. 622, 82 N. E. 2d 838, 839, in which Judge Starr says:

> "Appellants' assigned error is the overruling of their motion for a new trial. By this motion the appellants have questioned the ruling of the court in the rejection of certain evidence by sustaining objections to several questions propounded to appellant, Pasquale Pirchio, by his counsel on his

examination in chief. This offered evidence was in regard to the defaults relied upon in the complaint as grounds for forfeiture. No question is raised as to any of these rulings, as in each instance the record discloses that the appellants' offer to prove came after the court had sustained appellees' objection to the particular question. *Gunder* v. *Tibbits* (1899), 153 Ind. 591, 55 N. E. 762; *Pulliam* v. *Hervey* (1945), 115 Ind. App. 466, 59 N. E. 2d 738."

The appellant further asserts as a ground for new trial that the court committed error in refusing to allow the witness, LaDoris Smith, court reporter, ██ to testify on cross-examination and rebuttal as to the testimony of the appellant in the guardianship trial of Nettie A. Strader. The witness, LaDoris Smith, was asked the following question, in substance, both on her cross-examination and when the appellant offered her as a rebuttal witness:

"Will you read to the jury the testimony which you have so recorded of Dr. McCord?"

Objection was made to the question. This question was not proper on cross-examination, as it was beyond the scope of the direct examination. The testimony as called for by this question on rebuttal was not competent, as it was clearly hearsay as disclosed by this record. *Levi* v. *State* (1914), 182 Ind. 188, 104 N. E. 765, 105 N. E. 898; *Wabash R. Co.* v. *Miller* (1902), 158 Ind. 174, 61 N. E. 1005.

As another ground for new trial, the appellant contends that an answer given by Irene Beasley, on her direct examination, as a witness for appellees, ██ should have been stricken out by the court on appellant's motion, as not responsive to the question. It has been held that there is no right in an antagonist to have an answer stricken out on the ground

that it is not responsive to the question. The party examining a witness has a right to insist that the answers of the witness shall be responsive to the question, and may have irresponsive answers, or parts of answers, stricken out on motion, but no such right exists in the antagonist. *Heinrich* v. *Ellis* (1943), 113 Ind. App. 478, 48 N. E. 2d 96; *Luce School Twp.* v. *School City of Rockport* (1927), 86 Ind. App. 641, 159 N. E. 164.

The appellant, in his motion for a new trial, complains of misconduct of appellees' counsel in referring to a certain decision of the Appellate Court involving the witness of appellant whom he was cross-examining. The alleged misconduct of appellees' counsel was waived by the failure of the appellant to at any time move the court to reprimand appellees' counsel, or instruct the jury to disregard the alleged improper question. Nor was a motion made at any time to withdraw the case from the jury because of the alleged misconduct. *Blue* v. *State* (1946), 224 Ind. 394, 67 N. E. 2d 377; *White* v. *Gregory* (1890), 126 Ind. 95, 98, 25 N. E. 806; *Maybin* v. *Webster* (1894), 8 Ind. App. 547, 35 N. E. 194, 36 N. E. 373.

Lastly, the appellant assigns as a further ground for a new trial the alleged error in giving sixteen instructions tendered by the appellees and given by the court, and error of the court in refusing to give six of the appellant's instructions. The appellant expressly waived error as to instructions numbered 1, 8, 9, 12, and 13 of the instructions refused, and further waived error as to instructions numbered 14, 16, and 23 tendered by the appellees and given by the court. The appellant, however, does not present under the heading of "Argument" in his brief a discussion elaborating the propositions, points of law, and

authorities theretofore cited in regard to any of the instructions questioned, as required by Rule 2-17 (g) of this court. By this failure the appellant has waived all questions presented as to the instructions. The only reference to the instructions in the argument is as follows:

"Appellant submits that the giving of plaintiffs tendered instructions, to which objection was made, is reversible error; also, the refusal to give defendants instruction number 7. We deem it not necessary to argue the errors further."

This statement does not constitute an argument. See *Waggoner* v. *State* (1949), 227 Ind. 269, 85 N. E. 2d 642; *Donahue* v. *Dal, Inc.* (1943), 314 Mass. 460, 464, 50 N. E. 2d 207, 210.

There being no reversible error, the judgment of the lower court is affirmed.

NOTE.—Reported in 86 N. E. 2d 441.