365 P.2d 216

STATE of Idaho, on relation of Roscoe C. RICH, Leonard K. Floan, and Wallace C. Burns, Idaho Board of Highway Directors, Plaintiff-Respondent,

v.

La Mont L. BAIR and Lillian B. Bair, his wife, Defendants,

and

Dale Wood and Edith Mae Wood, his wife, Defendants-Appellants.

No. 8816.

Supreme Court of Idaho.

Oct. 6, 1961.

Robert M. Kerr, Jr., Blackfoot, for appellants.

Frank Benson, Atty. Gen., on motion; Wm. R. Padgett, Chief Legal Counsel for Idaho Dept. of Highways, Anton Hohler, Andrew M. Harrington, Boise, for respondent.

McFADDEN, Justice.

Respondent, the State of Idaho, on relation of the Board of Highway Directors, filed its petition for rehearing after release of the initial opinion in this matter. The petition was granted, and the original opinion is withdrawn and this opinion substituted therefor.

The State of Idaho instituted this action to condemn a seventeen foot strip of land, and an adjoining five foot slope easement in Blackfoot, Idaho. Fixtures incident to a service station were on the land condemned, and the buildings of the service station on the remaining ground. The appellants are the owners of the property, other defendants having disclaimed any interest.

The highway improvements, for which this land was sought by the State, has now been completed, and the land and easement involved occupied by the State.

The State's complaint alleged, among other things, that prior to commencement

of the action the State Highway Board had sought in good faith to purchase the land and easements, had sought to settle for the resulting damages, and was unable to make any reasonable bargain or make any settlement for the damages. The appellants by their answer denied these allegations, directly raising the issue of compliance with I.C. § 7–707(6) which requires good faith negotiations prior to filing the condemnation action. Appellants also claimed damages for the taking in the amount of $19,-500.

This action was heard by the trial court in two stages, first before the court without a jury on the issue of the pre-action attempt to purchase in good faith, and secondly, before a jury on the question of the damages. On the first stage of the hearing the court found for the State, and on the second, the jury returned a verdict in favor of appellants for a total damage of $10,200. From the judgments entered and from certain rulings and orders of the trial court, the appellants have appealed.

█ Prior to trial, appellants, by interrogatories, sought to obtain copies of reports prepared by the State's appraisers, the appraisal figure of each appraiser, together with the computations, comments and circumstances reported. By another interrogatory they also sought to elicit what the appraisers considered as the highest and best use of the premises in the computation of each appraisal. The State objected to these interrogatories, and the court sustained the State's objections. Appellants assigned error in this ruling, citing the Federal cases of United States v. Certain Parcels of Land, etc., D.C., 15 F.R.D. 224, and Carpenter-Trant Drilling Co. v. Magnolia Petroleum Corp., D.C., 23 F.R.D. 257. These cases held, in effect, that appraisals are not privileged, nor are they the work product of attorneys, when they are prepared by the client in the usual course of procedure prior to litigation. These cases were decided under Federal Rules of Civil Procedure, Rule 26(b), 28 U.S.C.A. These cases are not applicable, for Idaho, in adopting this rule, added inter alia, the following:

> " * * * nor shall the deponent be required to produce or submit for inspection any part of a writing which reflects * * * except as provided by rule 35 *the conclusions of an expert.*" I.R.C.P. 26(b). (Emphasis added.)

These interrogatories sought information dealing with the conclusions of the appraisers, who for the purposes of this litigation are considered as experts within the purview of I.R.C.P. 26(b). City of Chicago v. Harrison-Halsted Building Corp., 11 Ill.2d 431, 143 N.E.2d 40. The trial court was correct in this ruling.

Appellants assign error in certain of the court's rulings in the hearing conducted

on the issue of good faith negotiations by the State. They most strenuously question the finding by the court that such negotiations were sufficient to comply with the requirements of I.C. § 7–707(6).

■ The State, on the other hand, contends that this court, in State v. Styner, 58 Idaho 233, 72 P.2d 699, 702, held that the mere act of making a good faith offer to an owner by letter is sufficient to satisfy the requirements of I.C. § 7–707(6). It is argued that the evidence presented here more than meets the requirements of the statute and the standard suggested by the case of State v. Styner, supra. With this contention we cannot agree. In the Styner case, this court, without further discussion, held that where there was no evidence that the offer had not been made in good faith, and where the plaintiff did negotiate with the property owners, the pleadings and proof were sufficient, there having been no citation of "effective authorities to the contrary."

■ During the hearing before the court on the "good faith" issue, appellants cross-examined State's witness Millegan, seeking the same general type of information sought by the interrogatories previously submitted and rejected. The trial court sustained objections to this cross-examination as not tending to prove or disprove the matter of good faith. While the scope of cross-examination is largely within the discre-

tion of the trial court, wide latitude should be allowed. Johnson v. Richards, 50 Idaho 150, 294 P. 507; State of Idaho v. Dunclick, Inc., 77 Idaho 45, 286 P.2d 1112.

■■ When applicable, I.C. § 7–707(6) requires an allegation by the plaintiff of two items; First, that plaintiff sought, in good faith, to purchase the property and settle for severance damages; Second, that plaintiff was unable to make any reasonable bargains therefor, or settlement of such damages. If these allegations of the complaint are controverted by the answer, as in the instant case, the burden of proof is on the plaintiff, as in other causes. Evidence tending to prove or establish good faith [or lack of good faith] in the attempt to "purchase the lands so sought to be taken" or to "settle * * * for the damages", are relevant and material to the first issue. All matters tending to prove or establish inability [or ability] to make a reasonable bargain or settlement are likewise relevant and material to the second issue. The matters concerned in the cross-examination of State's witness Millegan were material and relevant to the issues before the court, and it was erroneous for the court to limit this cross-examination as was done.

The court refused to admit appellants' exhibit No. 1, a copy of a right of way contract which had been used by Millegan to refresh his memory. This exhibit was

shown to have been used in the initial negotiations with appellants and was relevant to the issue. Refusal to admit it was error.

On the initial hearing an offer of proof was made by appellants to rebut certain testimony given by Millegan, who had testified that the customary procedures had been employed in negotiating with appellant. The offer of proof was to show the procedures actually employed by the State's right of way agents in dealing with the witness, and to corroborate procedures testified to by appellants. Denial of this offer of proof is also assigned as error. The matters offered to be proven by this witness were relevant and a proper subject of rebuttal testimony, and should have been received by the court. Cornell v. Harris, 60 Idaho 87, 88 P.2d 498.

Because of the errors in limiting the cross-examination of witness Millegan and in refusing appellants' offer of rebuttal testimony and admission of appellants' exhibit No. 1, this matter must be reversed for further proceedings on the issues presented as to the negotiations had prior to the commencement of this action.

A new trial being required because of errors, previously discussed, we need not consider appellants' assignment of error challenging the sufficiency of the evidence to sustain the court's findings covering the pre-action negotiations. However, on the new trial, it must be kept in mind that the requirements of I.C. § 7–707(6) are not to be lightly regarded, and must be satisfied before an action in eminent domain may be entertained. This provision discloses reluctance of the legislature to award a remedy by eminent domain, harsh in its nature, when the same end could be effected by contract between the parties. Glass v. Basin Mining & Concentrating Co., 22 Mont. 151, 55 P. 1047. In order to satisfy the statutory requirement there must be proof of a bona fide attempt to agree, with a bona fide offer made and reasonable effort made to induce the owner to accept it. See: In re Rogers, 243 Mich. 517, 220 N.W. 808; State ex rel. Bremerton Bridge Co. v. Superior Court for Kitsap County, 194 Wash. 7, 76 P.2d 990. What amounts to "good faith" and "reasonable bargain" in any particular case depends upon the facts presented, and such matters are for the triers of the facts. A perfunctory attempt to purchase or settle is not sufficient; to require a plaintiff to continue negotiations after the owners themselves close the negotiations by refusal to discuss matters or consider bona fide offers would be unrealistic. See: 6 Nichols, Eminent Domain, 3rd Ed., p. 59, § 24.621; 29 C.J.S. Eminent Domain § 224, p. 1163.

Assignments of error directed to the hearing on the issue of damages tried before the jury are now discussed.

Error is assigned to the court's ruling on objection to rebuttal examination of appellants' expert witness Bergeson. On this examination, the following appears:

"Q. (By Mr. Kerr, continuing). Tell us Mr. Bergeson, what you know as to whether or not there are available garage locations in Blackfoot at the present time? A. I can't think of any vacant ones right now; the one that was available was used for other purposes.

"Mr. Hohler: I will move to strike the remainder of that answer as not responsive.

"Judge Tway: It may be stricken." Appellants contend that only the examining party can move to strike the answer of a witness as being unresponsive. This contention generally is correct, subject, however, to the inherent power of the trial judge in his sound discretion to control the progress of the trial to promote the ends of justice. Where the objection by opposing counsel is directed only to the responsiveness of the answer and not to its general competency, relevancy or materiality, the motion to strike as not responsive is generally available only to counsel asking the questions. Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324; Hirshfeld v. Dana, 193 Cal. 142, 223 P. 451; McCord v. Strader, 227 Ind. 389, 86 N.E.2d 441; Heinrich v. Ellis, 113 Ind.App. 478, 48

N.E.2d 96; Cody v. Toller Drug Co., 232 Iowa 475, 5 N.W.2d 824; Miller v. Miller, 237 Iowa 978, 23 N.W.2d 760; Standard Gas Equipment Corporation v. Baldwin, 152 Md. 321, 136 A. 644; Merkle v. Bennington Tp., 58 Mich. 156, 24 N.W. 776; 98 C.J.S. Witnesses § 353, p. 77; 3 Wigmore, Evidence, 3rd Ed., § 785, p. 160; 5 Jones Commentaries on Evidence, 2nd ed., § 2313, p. 4521. The reason for the rule is to avoid unnecessary interruptions by opposing counsel and to allow counsel conducting the examination to control the interrogation.

After examination of the authorities, we adopt the following representative quotation as a fair statement of the law in the area under consideration.

"The right to have an irresponsive answer of a witness striken out is a right of the party examining the witness, and not a right of the party adverse to the examiner; if the answer of a witness is competent and pertinent in itself, the adverse party has no right to have it expunged from the record merely because it was irresponsive; in such a case it is optional with the court to strike it out, and a denial of a motion to do so is no ground of error. The party examining the witness is not, however, bound or precluded by an irresponsive answer, and may himself object to its competency, although the person is his own witness. He

would seem to have an absolute right to have the irresponsive matter expunged, regardless of its competency." 58 Am.Jur., Witnesses § 575, p. 322.

Appellants' witness Bergeson was asked whether there had been inquiry made of him or his real estate firm for locations of repair garages. The court improperly sustained the State's objection to this inquiry. The State's witnesses had considered the use of this property only as a repair garage in arriving at their conclusions as to the highest and best use of the property after condemnation and as to the resulting damages. This line of inquiry was thus relevant to the issue, and refusal of the court to allow appellants to pursue it deprived them of the opportunity of having the jury consider appellants' theory, and weigh the rejected testimony as against that of the State's witness.

Appellants' other specifications of error directed to the court's ruling on objections interposed to examination of various witnesses and the giving of instruction No. 11, are without merit.

The judgment is reversed and the cause remanded for new trial before the court on the issue of compliance with I.C. § 7–707 (6) and before the jury on the issue of damages.

Costs to appellants.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.