555 P.2d 1148

**SOUTHSIDE WATER AND SEWER DISTRICT, Plaintiff-Respondent,**

v.

**Thomas H. MURPHY et al., Defendants-Appellants.**

No. 12025.

Supreme Court of Idaho.

Nov. 3, 1976.

Larry A. Wilde, of Wilde & English, Coeur d'Alene, James E. Egan, of Gustafson & Reynolds, Spokane, Wash., for defendant-appellants.

Hardy C. Lyons, Sandpoint, for plaintiff-respondent.

PER CURIAM:

The plaintiff respondent Southside Water & Sewer District is a special purpose government entity with the authority to acquire property to carry out its public purposes and to exercise the power of eminent domain to condemn private property for its public purposes. I.C. § 42–3212(f),–(j). The defendant appellants, Thomas H. and Mary M. Murphy, husband and wife, and Leo E. and Helen Murphy, husband and wife, owned tracts of land through which the district intended to acquire an ease-ment for a sewer line. The district made an offer to acquire the easement from the Murphys, which they refused, then initiated proceedings under I.C. § 7–706 to acquire the easement by eminent domain. Before proceedings under this section could begin, however, the district first had to show that it had complied with the following requirement found in I.C. § 7–707(6):

> "[T]he plaintiff has sought, in good faith, to purchase the lands so sought to be taken, or settle with the owner for the damages which might result to his property from the taking thereof, and was unable to make any reasonable bargain therefor, or settlement of such damages; . . ."

At a hearing before the district court the Murphys contended that the district had not negotiated with them in good faith. The district court found that the district had negotiated in good faith and entered an order allowing it to proceed to condemn the easement across the Murphys' land. The Murphys appealed, their sole assignment of error upon appeal being that the district court's finding that the district had negotiated in good faith was in error and thus the district court had no jurisdiction to order further proceedings in the matter.

The only questions before this Court are whether the district court applied the correct rules of law to determine if the district bargained in good faith and whether there is substantial competent evidence in the record to uphold the district court's finding of good faith. At the hearing upon the question of good faith, the appraiser upon whose appraisal the district based its offer testified that in his opinion the district's offer was for the maximum value of an easement over the land based upon his study of comparable utility easements. Furthermore, counsel for the district informed the court that Tom Murphy had told him that the Murphys did not want any easement on the property. The Murphys had also informed the district through a letter written by one of their at-

torneys that they would not grant the easement. In considering the question of good faith, the district court said the following:

"The point I was interested in was the basis on which the district actually made their offer. If there is some reasonable relation between the price and the offer made, I think that particular part of it would satisfy the good faith end of this thing.

  *  *  *  *  *  *

"I think the law, while it does require the district or the State or whoever is the contending authority to make a reasonable effort to compromise the situation, it appears to me here it's readily apparent from the outset there could be no compromise reached at all. The defendants were not interested in reaching any kind of settlement and I don't think the statute contemplates the useless act would be performed by anybody. . . . [I]t would appear to me from the correspondence that's in the file and been admitted already that there was, at least, some reasonable effort to effect some type of a settlement out of court before this ever got into these proceedings." Rptr.Tr., Vol. 2, pp. 35–37.

The district court's findings were supported by substantial evidence and will not be disturbed upon appeal. I.R.C.P. 52(a); *Ford v. Transport Holding Corp.*, 96 Idaho 388, 529 P.2d 784 (1974). Furthermore, the district court's statements concerning the law to be applied are in accord with the rules set forth in *State v. Bair*, 83 Idaho 475, 480, 365 P.2d 216 (1961):

"In order to satisfy the statutory requirement there must be proof of a bona fide attempt to agree, with a bona fide offer made and reasonable effort made to induce the owner to accept it. . . . A perfunctory attempt to purchase or settle is not sufficient; to require a plaintiff to continue negotiations after the owners themselves close the negotiations by refusal to discuss matters or consider bona fide offers would be unrealistic." 83 Idaho at 480, 365 P.2d at 219.

Accordingly, the judgment of the district court is affirmed. Costs to respondents.