602 P.2d 540

**IDAHO POWER COMPANY, a Corporation, Plaintiff-Respondent,**

v.

**Edward M. LETTUNICH, a married man whose wife's name is Sandra L. Lettunich, and Michael P. Lettunich, a married man whose wife's name is Renee Lettunich, and Anna Stella Lettunich, a widow, and Theresa Ann Ucovich, a married woman whose husband's name is unknown, herein designated John Doe Ucovich, and the Idaho First National Bank, a National Banking Association, Defendants-Appellants.**

No. 12825.

Supreme Court of Idaho.

Nov. 6, 1979.

John K. Gatchel of Gatchel & Batt, Payette, Milo Pope of Kilpatrick & Pope, Mount Vernon, Or., for defendants-appellants.

Harold L. Ryan of Ryan & Sweet, Weiser, for plaintiff-respondent.

WARD, Judge Pro Tem.

The plaintiff filed this action in eminent domain for the purpose of condemning a right-of-way over the lands of the defendants to provide a part of the course of a 230 kv high tension power transmission line. The proposed line, approximately 20 miles long, would tap into the main Hells Canyon-Brownlee-Boise "back bone" transmission system at Paddock Junction and cross into Oregon to the Ontario, Oregon substation. Near the end of the line approaching the Snake River three-quarters of a mile of the line traverses the defendants' land. It is the right-of-way to cross this land implacing three self-supporting double circuit steel towers thereon that is in contest here.

At argument before the Court the parties agreed that the question of public need and necessity is no longer in contest and that the only question now before the Court is whether the plaintiff had engaged in good faith bargaining to purchase the right-of-way. I.C. § 7–707(6).

As was stated by this Court in *State v. Bair,* 83 Idaho 475, 480, 365 P.2d 216, 219 (1961),

"the requirements of I.C. § 7–707(6) are not to be lightly regarded, and must be satisfied before an action in eminent domain may be entertained. This provision discloses reluctance of the legislature to award a remedy by eminent domain, harsh in its nature, when the same end could be effected by contract between the parties. (citation omitted) In order to satisfy the statutory requirement there must be proof of a bona fide attempt to agree, with a bona fide offer made and reasonable effort made to induce the owner to accept it. (citations omitted)"

The evidence before the trial court was that plaintiff, through the personnel of its Right-of-Way Department, made its first contact with the defendants for purposes of negotiating for the right-of-way on May 3, 1976.

Over the next twelve months the plaintiff's appraisers contacted the defendants eighteen times in person and two times by telephone. The plaintiff, after making its own appraisal, thereafter retained two independent appraisers and referred the defendants to two other appraisers if they wanted to use them.

Plaintiff offered the defendants the top appraisal figure after making several upward adjustments based upon possible future commercial potentials. Defendants refused and never presented a written appraisal from any other appraiser to support their position.

On June 9, 1977, some thirteen months and twenty contacts after its first negotiating meeting, the plaintiff filed this action.

The trial court on the basis of this evidence found the requirements of I.C. § 7–707(6) and *State v. Bair, supra,* satisfied. We concur.

Order affirmed.

Costs to respondent.

DONALDSON, C. J., McFADDEN and BISTLINE, JJ., and SCHROEDER, J. Pro Tem, concur.