HEADY ET AL. *v.* BROWN ET AL.

151    75
169    392

[No. 18,524.   Filed March 10, 1898.   Rehearing denied June 29, 1898.]

EVIDENCE. — *Admissibility.—When Part of Res Gestae. —Advancements.—Partition.*—In a proceeding in partition between heirs whereby it was sought to charge certain of the heirs with advancements made by the ancestor in conveying to them real estate, an instrument of writing executed by one of the heirs, acknowledging the receipt of an advancement made to her by the payment of a surety debt for her husband, executed in connection with the execution of such deeds of conveyance, was properly admitted in evidence as part of the *res gestae.   pp. 75-77.*

EVIDENCE.—*Connecting Evidence.—Practice.*—The action of the court in admitting evidence depending for its competency upon connecting evidence cannot be reviewed on appeal where no motion was made to strike out such evidence after hearing the connecting evidence.

APPELLATE COURT.—*Jurisdiction.—Partition.*—The Appellate Court has no jurisdiction of proceedings in partition.  *pp. 77, 78.*

APPEAL AND ERROR. — *Jurisdiction.—Rehearing.*—The question of jurisdiction is not waived by failure to present it while the appeal was pending in the Appellate Court, and before its transfer to the Supreme Court.  *p. 78.*

From the Sullivan Circuit Court.  *Affirmed.*

*W. S. Maple, S. K. Duvall* and *Samuel R. Hamill,* for appellants.

*John T. Hays* and *J. H. Drake,* for appellees.

HACKNEY, J.—This was a proceeding in partition, upon petition and cross-petition, between the heirs at law of Thomas Heady, deceased.  It was sought to charge the appellants, Elisha, William and James A. Heady and the appellee, Samantha J. Cofer, with certain advancements, the first three with thirty acres of land each, and the last with a sum of money, nearly $600.  The questions here urged were raised in the lower court upon motion for a new trial, and relate exclusively to the admissibility of certain evidence introduced by the appellees for the purpose of

establishing the intention of the decedent, in mak-
ing conveyances to the appellants of thirty acres of
land to each, thereby to make advancements to them
severally.    It is expressly admitted that these con-
veyances, from father to sons, were voluntary, and it
is conceded that therefore a presumption arises that
they were made as advancements. See *Scott* v. *Harris*,
127 Ind. 522; *Higham* v. *Vanosdol*, 125 Ind. 76; *Ruch* v.
*Biery*, 110 Ind. 448.   It is not claimed that this pre-
sumption is conclusive, but it is held by the decisions
first cited, and by *Thistlewaite* v. *Thistlewaite*, 132 Ind.
355; and *Joyce* v. *Hamilton*, 111 Ind. 163, to be re-
buttable.   It is held, also by these decisions that this
presumption is controlled by the real intention of the
grantor.   For the purpose of disclosing that the de-
cedent, the grantor in said deeds, intended the con-
veyances as advancements, the plaintiffs offered in
evidence an instrument of writing, executed by Sa-
mantha J. Cofer and her husband, acknowledging the
receipt of an advancement to said Samantha, in the
payment by her father, Thomas Heady, of a surety
debt for her said husband.   This evidence was ob-
jected to by the appellants and by the appellee, Sa-
mantha J. Cofer, the appellants because they were
in no manner connected with said instrument.   Coun-
sel for the plaintiffs undertook to show that the in-
strument was in the same handwriting as the deeds,
was written at the same time, and at the instance of
the decedent.   The court admitted the evidence "as
tending to show the intention of decedent, on the
day that he made the deeds, on the subject of ad-
vancements."   If executed in connection with the exe-
cution of the deeds, and as a part of the same transac-
tion, and expressing a charge in the nature of an ad-
vancement against one of several to whom advance-
ments were being made at that time, it was a part of

the *res gestae* of the transaction, and as such was admissible. *Higham* v. *Vanosdol, supra; Harness* v. *Harness*, 49 Ind. 384; *Olvey* v. *Jackson*, 106 Ind. 286; *Tyres* v. *Kennedy*, 126 Ind. 523; *Fleming* v. *Yost*, 137 Ind. 95; and cases above cited.

This proposition is not seriously controverted, but it is claimed that subsequent evidence did not show the instrument to have been of the *res gestae* of the transaction in which the deeds were executed. Evidence was introduced directed to that end, but this, appellants' learned counsel insist, is not sufficient, and that therefore the admission of the instrument was erroneous. The question arises on the original objection to the instrument, and is not presented upon motion to strike out. As a question of practice, counsel contend, as meets their views, respectively, that, upon the failure to make the connection in the execution of the deeds and said instrument, the court's duty was to reject the instrument without motion and upon the original objection, or that it was the duty of appellants to move to strike out the instrument, and that having failed in this, no question is presented. It is true that evidence may often erroneously go in where counsel undertake to make a necessary connection of such evidence and fail. It is true also, that the court may be imposed upon by false undertakings of this character. These dangers, however, can be guarded against by requiring the connecting evidence to be first introduced, or, where introduced after the principal feature, steps are taken to test the strength of the connecting evidence. The court is never obliged to volunteer a ruling upon the sufficiency or strength of the connecting evidence.

In the case at bar the alleged connecting evidence is of doubtful sufficiency, and if a motion had been made to strike out the instrument, the trial court

would have had its attention called to the weakness of such connecting evidence, could have heard discussion, and would have ruled upon the sufficiency of such evidence and that ruling would have supplied the basis of a clearly-stated question in the record for this court. If this practice should not be recognized as the proper one, the burdens of a protracted trial would increase upon the trial court, and oblige it to assume the duty of volunteering to weigh the evidence upon incidental questions, and to make rulings not demanded, and without argument of counsel. This duty would often encourage counsel to neglect calling to the mind of the court such questions, and thereby gain an error which diligence would have avoided. We are of opinion that appellants should have raised the question by motion to strike out, and that not being so raised it is not presented for review.

Other evidence, admitted only as against Samantha J. Cofer, has been mentioned by the appellants as erroneously admitted. They could not have been affected by such evidence. The judgment of the circuit court is affirmed.

### ON PETITION FOR REHEARING.

HACKNEY, C. J.—The petition for a rehearing denies the jurisdiction of this court. The Appellate Court has only such jurisdiction as is expressly conferred upon it. *Branson* v. *Studabaker*, 133 Ind. 147. Partition is not within the jurisdiction conferred by the statute upon the Appellate Court. (Acts 1893, p. 29), We do not regard the question of jurisdiction as waived by a failure to present it while the appeal was pending in the Appellate Court, and before its transfer to this court. Jurisdiction over the subject-matter is not waived as it is, frequently, over the person. Upon a re-examination of the record we are confirmed

in our conclusion that the question originally considered and passed upon was presented by the record, and was correctly decided. The petition is overruled.