SWIFT AND COMPANY *v.* PALMER.

[No. 20,398. Filed July 20, 1967. No petition for rehearing filed.]

*Harker, Irwin, Campell & Hardesty*, of Frankfort, for appellant.

*Ryan & Hartzell*, of Frankfort, for appellee.

PFAFF, C.J.—Appellee brought this action to recover for personal injuries and property damages arising from a gas explosion in the basement of his home caused by ignition of gas allegedly transmitted negligently through a sewer from appellant's processing plant. Trial was had without the intervention of a jury. The court, upon request, entered special findings of facts and stated its conclusions of law thereon. Judgment was rendered in favor of appellee for $4,200.00 for personal injuries and $126.00 for property damage. Appellant here challenges that part of the judgment which is for personal injuries as being excessive and also claims error in the admission of evidence relating to such damages.

It appears from the evidence that appellee had returned home on the day of the explosion and was met at the door and informed that the furnace was making a funny noise, and that the thermostat had been turned down. Without removing his hat or overcoat he went to the basement to examine the furnace, which was of a hot air oil type. While there the furnace "kicked on," and there was an explosion of gas which had entered the basement through a sewer.

The trial court found that appellee was burned and seared on and about his face, hands and ankles, and suffered mental anguish and suffered from shock and resulting nervous and physical reaction thereto, extending for a period of approximately three months, and was damaged in the sum of $4,200.00.

The evidence reveals that appellee's hose were burned, his eyebrows singed off, his hat blown from his head and his hair burned off his forehead, and the hair on both sides of

his head singed. His cheek, nose, and chin were burned. Two or three of the burns were a little deeper than a sunburn. No scars resulted. The hair was burned off his hands and both hands were blistered. His overcoat was burned "about a foot high, all around," and his shoe laces burned. His trousers were burned below his overcoat. Some papers which were on the floor and some rags which had been used in refinishing furniture were on fire, and a blaze was coming out of the drain. Before appellant attempted to leave the basement he tried to put out the fire with a hose, and yelled to his family to call the fire department. He went to the basement door, which had been blown shut, and could not get it open. He yelled for someone to come and get him out of the basement, and his daughter succeeded in getting the door open from the outside. At the time he had difficulty in breathing and was "kinda gasping." He left the water running in the hose and when he returned to the basement the fire was out.

The following day he went to a doctor, who gave him some ointment to put on the burns and four sample nerve tablets. He was nervous. This was his only trip to the doctor. The burns were painful and the pain continued for three or four days. He was in a condition of shock for a day or so, but went to work on his job as assistant postmaster the day following the explosion and lost no time from work. He didn't sleep well for two or three months and would wake up with nightmares, which nightmares were more frequent than those which he had before the explosion. He was nervous at any little strange noises and would investigate them, and that nervousness lasted a couple of months.

Appellee's wife testified on his behalf and was asked whether she had been under the care of a physician for some time prior to the explosion. This question was objected to on the ground that there is no issue here of any injuries to her. The court, in overruling the objection, said that the ruling was based upon relevancy to be established under the statement of

counsel, and also that the objection went to the weight of the evidence. She answered that she was taking nerve medicine.

Where evidence which is apparently incompetent or irrelevant is admitted on the promise of counsel to bring forth other evidence which would make it competent or relevant and such other evidence is not produced, the remedy is by a motion to strike it out, and the ruling on such motion assigned as a ground for a new trial. There was no such motion and therefore error is not presented for review. *Eaton* v. *State* (1917), 186 Ind. 167, 115 N. E. 329; *Heady et al.* v. *Brown et al.* (1898), 151 Ind. 75, 49 N. E. 805, 51 N. E. 85; *Roach* v. *Cumberland Bank* (1916), 60 Ind. App. 547, 111 N. E. 320.

Appellee testified without objection that, "I was worried about the family pretty much. My wife had been doctoring for nerves for a long period of time, and she was pretty much upset over it." When asked as to whether or not likewise his daughter had been in ill health, he testified that, "She had been pretty nervous, yes." Thereupon appellee was asked if his daughter had been having treatment also. To this question appellant objected on the grounds that this is not an action for loss of services of the daughter, or any ill health of the daughter; that injuries received by the daughter as a result of the accident would not be admissible and would not bear upon any issue in the case, and that such damages would be speculative and remote. The objection was overruled and the answer made that she had been taking some nerve medicine before this. No evidence was offered or admitted of any injury received by appellee's daughter as a result of the explosion or as to her physical condition or any change therein after the explosion. There was no evidence offered as to any loss of services. The question related to her nervous condition before the explosion and was not subject to the specific objection made. On appeal the party objecting is confined to his specific objections and no other objections will be considered. 2 Indiana Practice, § 1993 (2). *Allman et*

al v. *Malsbury et al.* (1946), 224 Ind. 177, 65 N. E. 2d 106; *Ellis et al.* v. *Haines* (1963), 134 Ind. App. 528, 188 N. E. 2d 835; *Ft. Wayne Transit, Inc. et al.* v. *Shomo, etc.* (1957), 127 Ind. App. 542, 143 N. E. 2d 431.

Appellee was also asked on direct examination during his case in chief as to whether prior to the time the explosion occurred he had been negotiating with anyone with the possibility of the sale of the residence. Objection was made to this question as being immaterial and not within any of the issues of the action; that there was nothing alleged in the complaint to this effect; and that if he could go this far on mental anguish, then there is no limit. Upon the objection being overruled, he answered, "Yes, a short time before a fellow came out and asked me what I would take for my place for a subdivision. I told him, and he was working on it at the time of the explosion, and I was worried he wouldn't take it on account of that." He then testified that although he was concerned with the transaction, the explosion did not have anything to do with the completion or failure to complete the sale. Appellant's argument is directed to that part of the answer as to worry about the possible sale of the property. It will be noted that the statement made by appellee that, "I was worried he wouldn't take it on account of that," was volunteered by appellee and was not in response to the question.

While a party examining the witness is the only one who may have unresponsive answers, or parts of answers, striken, his antagonist has no such privilege simply because the answers are not responsive, but may have them stricken if other proper grounds for striking exist, such as the incompetency of the volunteered answer. *McCord* v. *Strader et al.* (1949), 227 Ind. 389, 86 N. E. 2d 441; *Lake Shore, etc. R. Co.* v. *Teeters* (1906), 166 Ind. 335, 77 N. E. 599; *Heinrich* v. *Ellis* (1943), 113 Ind. App. 478, 48 N. E. 2d 96; *Luce School Twp. et al.* v. *School City of Rockport et al.* (1927), 86 Ind. App. 641, 159 N. E. 164.

Appellant made no motion to strike that part of the answer which is now claimed to be incompetent, and no error is presented.

Where damages are not a mere matter of computation a new trial will not be granted on the ground that the damages assessed are excessive unless the damages are so grossly excessive as to indicate that the amount resulted from prejudice, passion, partiality or the consideration of some improper element. The amount assessed must appear to be so outrageous as to impress the court at "first blush" with its enormity. *Indianapolis Transit, Inc.* v. *Moorman* (1963), 134 Ind. App. 572, 189 N. E. 2d 111; *New York Cent. R. R. Co.* v. *Johnson, Admx., etc.* (1955), 234 Ind. 457, 127 N. E. 2d 603. In determining this question, we are aware of the general inflation and the depreciated and cheapened value of money. *New York Cent. R. R. Co.* v. *Johnson Admx. etc., supra; Hahn et al.* v. *Moore* (1956), 127 Ind. App. 149, 133 N. E. 2d 900, 134 N. E. 2d 705; *Clemans Truck Lines, Inc.* v. *Vaughn* (1966), 139 Ind. App. 404, 220 N. E. 2d 351. The award in this case appears to us to be quite liberal, but the fact that the trial court assessed higher damages than this court would have assessed is no reason why the judgment should be set aside. *Kelsey* v. *Hay* (1882), 84 Ind. 189; *Chenowith* v. *Hicks and another* (1854), 5 Ind. 224. Appellant's contention that the awarded damages are excessive has been carefully considered by the Court, and we conclude that we cannot reverse the judgment on that ground.

Judgment affirmed.

Bierly, Cook and Smith, JJ., concur.

NOTE.—Reported in 228 N. E. 2d 38.