LLOYD ET UX. *v*. WEIMERT.

[No. 1268A203. Filed May 6, 1970.]

*Carl J. Sandy, Littell and Carey,* Lafayette, for appellants.

*Robert A. Mucker,* Lafayette, for appellee.

COOPER, J.—This is an action brought in Tippecanoe County Circuit Court by appellee, plaintiff below, for damages as a result of personal injury allegedly suffered by said appellee

while employed in the home of the appellants, defendants below. The complaint alleged that appellee received injuries while working as an employee of appellants when she tripped over a dropcloth left on the stairway and fell down the stairs and that said injuries were caused by the negligence of the appellants as follows:

(1) Appellants failed to remove plastic dropcloth;

(2) Appellants failed to give appellee any warning of the presence of said plastic dropcloth;

(3) Appellants failed to give appellee any warning that said plastic dropcloth was not fastened to said stairway;

(4) Appellants failed to give appellee any warning that said plastic dropcloth was slick;

(5) Appellants failed to provide a safe and proper means for appellee to get from one floor to the other;

(6) Appellants failed to provide a safe and proper place for appellee to perform her duties to appellants as such domestic and baby sitter;

(7) Appellants failed to advise appellee of a change in the condition of the stairway when they should have known she would be using said stairway.

The appellants, in compliance with Rule 1-3 of the Rules of the Supreme Court of Indiana, filed an answer denying appellee's material allegations.

The cause, thus being at issue, was submitted to the jury for trial, findings and judgment.

The jury made its finding for plaintiff-appellee and awarded her damages in the amount of $20,000 and costs. Judgment was entered accordingly.

The appellants' motion for a new trial alleged as error the following:

(1) There was misconduct on the part of the jury in discussing during its deliberation the fact that the defendants carried liability insurance;

(2) The damages assessed are excessive;

(3) The verdict of the jury is not sustained by sufficient evidence;

(4) The verdict of the jury is contrary to law;

(5) There was error of law at the trial in that:

(a) The trial court erred in overruling defendants' motion for a mistrial when plaintiff referred to insurance during redirect examination by her attorney, and

(b) The court erred in giving the jury plaintiff's instruction No. 3;

(6) The court erred in overruling defendants' motion for a directed verdict at the close of the plaintiff's evidence;

(7) The court erred in overruling the defendants' motion for a direct verdict at the close of all the evidence.

The assignment of error on appeal is that the trial court erred in overruling the motion for a new trial.

The appellee, Mrs. Weimert, worked for the appellants two days per week as a housekeeper and baby sitter. Upon arrival on the morning of the accident, appellee was instructed to pay particular attention to the needs of the appellants' baby as he had been sick during the night. Appellee stated that she heard the baby crying later that morning and hurried upstairs to check on him. Appellee was upstairs approximately twenty minutes, during which time she attended to the baby and gathered dirty sheets and clothing for the wash. Upon proceeding down the steps carrying the dirty laundry, appellee tripped on a tarpaulin on the steps and fell to the first floor.

The evidence shows that the appellants had had their hall painted and that the painters, under appellants' instruction, had left the tarpaulin on the stairs. The evidence further shows that the appellants had not informed the appellee that the tarpaulin was on the stairs, although the appellants had

discussed the danger of someone falling over it and had warned their children to be careful. The appellee stated that she had not seen the tarpaulin that morning as she was working in the back of the house. The appellee also testified that she did not notice the tarpaulin as she ascended the stairs as her mind was preoccupied with the crying baby.

As a result of the fall, the appellee was off work for approximately four weeks, suffered back and head pains, and was later operated upon for medical complications which were attributed to this fall. Except for the four-week period just after the fall and for the recuperation period following the operation, appellee has been working. The appellee testified, however, that she has not been able to resume any heavy housework, as a result of which she has found it more difficult to find suitable work, and therefore has suffered loss of income.

Appellee filed a Motion to Dismiss appellants' appeal for failure to comply with the Rules of the Supreme Court of Indiana. Appellee alleges that no notice of appellants' application for extension of time within which to file the transcript and assignment of errors was served on appellee as required by Rules 2-2 and 2-16. Also, appellee contends that appellants failed to file an affidavit of mailing of such application to appellee as required by Rule 2-15A. Appellee's Motion to Dismiss was considered by the court and held in abeyance until the matter was decided on the merits.

This court realizes that the Supreme Court Rules have the force and effect of law and are binding on the court and litigants alike, *Hayes* v. *Pennick* (1965), 137 Ind. App. 55, 204 N. E. 2d 882; *Eggers* v. *Wright et al.* (1969), 253 Ind. 44, 245 N. E. 2d 331, and should, in the interest of clarity, efficiency, and justice, be complied with. However, this court prefers, whenever possible, to consider a case on its merits, rather than on mere technicalities. *Miller, etc.* v. *Ortman, etc., et al.* (1956), 235 Ind. 641, 136 N. E. 2d 17, (Reh. Den.) ; *Capp* v. *Lindenberg, etc., et al.* (1961), 242 Ind. 423, 178 N. E. 2d 736, (Reh. Den.) ; *Burton*

v. *Rock Road Construction Co.* (1968), 142 Ind. App. 458, 235 N. E. 2d 210, (Tr. Den.) ; *Hopple et al.* v. *Star City Elevator Co., Inc., et al.* (1967), 140 Ind. App. 561, 224 N. E. 2d 321, (Tr. Den.).

In the case before us, we find several procedural errors. While this court can find ample authority to support a dismissal, we feel that in light of the new Indiana Rules of Procedure, a more liberal approach to procedural errors should be taken where possible. This court notes that we do have jurisdiction in this matter as appellants timely asked for and were granted an extension of time in which to file the transcript and assignment of errors. Also, the appellee has claimed no prejudice or harm as a result of appellants' errors. Therefore, this court now overrules appellee's Motion to Dismiss, and we shall proceed to consider this cause on its merits.

In their motion for a new trial, appellants raised as error (1) that there was misconduct on the part of the jury in discussing the fact that the defendants carried liability insurance, and (2) that the trial court erred in overruling defendants' motion for a mistrial when plaintiff referred to insurance. These two errors were not argued by appellants nor did they cite any authority to support either of these alleged errors as required by Rule 2-17(h), Rules of the Supreme Court, 1967 edition. Thus, these alleged errors are deemed waived on appeal. *Doi* v. *Huber* (1969), 144 Ind. App. 451, 247 N. E. 2d 103, (Tr. Den.) ; *Indianapolis Morris Plan Corp.* v. *Sparks* (1961), 132 Ind. App. 145, 172 N. E. 2d 899, (Tr. Den.).

The appellants alleged as error that the verdict is not supported by sufficient evidence and is contrary to law. The appellants claim that the appellee was guilty of contributory negligence in that she had a duty to exercise reasonable care to discover dangers which arose in the course of her job. Appellants also contend that the appellee assumed the risks naturally incident to her employment, part of which would be objects left on the stairway.

In the case of *Deming Hotel Co.* v. *Prox* (1968) 142 Ind. ■ App. 603, 236 N. E. 2d 613, at page 618, the position of this court in reviewing the appellants' contention is stated:

"When the sufficiency of the evidence is questioned on appeal, this court does not weigh the evidence, but reviews the record to see if there is any evidence or any reasonable logical inference which may be drawn from the evidence, which, if believed by the jury, would sustain the verdict. *Gamble et al.* v. *Lewis* (1949), 227 Ind. 455, 460, 85 N. E. 2d 629; *Indiana Ins. Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003.

"The Appellant's charge that the verdict of the jury is contrary to law, is subject to the general rule of law as stated by our Supreme Court in the case of *Pokraka et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669, that we may consider only the evidence most favorable to the appellee in a cause, and it is only where the evidence is without conflict and can lead to but one conclusion and the trial court or jury has reached an opposite conclusion, that the decision of the trial court or jury will be set aside on grounds that it is contrary to law. See also, *Hinds, Executor of Estate of Sickels, Deceased, etc.* v. *McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553."

A review of the record shows that the parties presented evidence on the following points.

The appellants argued that the tarpaulin was in plain view and that appellee should have seen it. The appellants also stated that the tarpaulin on the stairs was a risk incident to her employment and that by not picking it up, she assumed the risk of injury. The appellee rebutted that a tarpaulin on the stairway is not a normal risk incident to housework and that appellants should have warned her of its presence. The appellee also stated that her mind was preoccupied with the crying baby and therefore she did not notice the tarpaulin as she climbed the stairs.

We find that reasonable minds could differ concerning whether the appellee fulfilled her duty to use her faculties and senses to discover and avoid the danger of the tarpaulin.

Compare *Tyler* v. *Nolen* (1969), 144 Ind. App. 665, 248 N. E. 2d 186. It thus appearing that the evidence was in conflict and that reasonable minds could differ on the issue, we are bound by the finding of the jury. It is only where the evidence is uncontradicted and can lead to one conclusion and the court or jury reaches the opposite conclusion that we can say as a matter of law that the verdict or decision of the jury or court is contrary to law. *Pokraka et al.* v. *Lummus Co., supra; Hinds, Executor. of Estate of Sickels, Deceased, etc.* v. *McNair et al., supra.*

The appellants next alleged as error the trial court's failure to direct a verdict in favor of the appellants either at the close of plaintiff's case in chief or at the close of all the evidence. The appellants base their contention on their assertion that the evidence on the issues of contributory negligence and assumption of risk was such that the case should not have been submitted to the jury.

It is well-settled law that in order for this court to reverse the trial court for not directing a verdict for the appellants, the record must show a total absence of evidence or legitimate inferences to be drawn therefrom on an essential issue of plaintiff's case; or the evidence must be without conflict and lead to but one inference, that inference being for the defendants. I.L.E., Vol. 28, *Trial,* § 136; *State Farm Life Insurance Co.* v. *Spidel et ux* (1964), 246 Ind. 458, 202 N. E. 2d 886, (Reh. Den.); *Halkias* v. *Gary National Bank* (1968), 142 Ind. App. 329, 234 N. E. 2d 652, (Tr. Den.); *Kelley* v. *Skeen* (1968), 143 Ind. App. 387, 240 N. E. 2d 837, (Tr. Den.).

In examining the transcript of the evidence, this court finds that there was evidence adduced at the trial to support appellee's cause of action and thus the trial court did not err in submitting the issues to the jury for its determination.

The appellants further contend that the trial court erred in giving plaintiff's instruction No. 3 to the jury. Plaintiff's instruction No. 3 reads as follows:

"Under the law, it is the duty of an employer to furnish his employees a reasonably safe place in which to perform their work, and to take the proper precautions and use reasonable care to guard against injury to the employee, and if injury occurs on account of the failure of the employer to discharge this duty, and the employee is without fault, the employer is liable."

The appellants assert that this instruction is an incorrect statement of the law on an employer's duty to an employee. The appellants cite four exceptions or additions to the employer's duty which they claim were omitted from plaintiff's instruction No. 3. These four points are:

(1)   The employer's only duty in regard to furnishing a safe place to work is to warn of hidden defects or dangers;

(2)   The employer has the right to assume that a qualified employee will see that which is obvious;

(3)   The employee will be held to have assumed all risks incident to his employment;

(4)   Any statement or instruction referring to the employer's duty must state both that the employee was without knowledge of the danger, and that the employee has the affirmative burden of proving such knowledge.

In the case of *Burks* v. *Walters* (1957), 127 Ind. App. 358, at page 367, 141 N. E. 2d 872, this court stated the rule concerning instructions as follows:

"The rule is firmly established that if, 'considering all of the instructions together, it fairly appears that the law was stated with substantial accuracy, so that the jury could not have been misled, no ground for reversal is presented, even though a particular instruction, or some detached portion thereof may not be precisely accurate.' *Cooper* v. *The State* (1889), 120 Ind. 377, 22 N. E. 320; *Hamling* v. *Hildebrandt*, (1948), 119 Ind. App. 22, 81 N. E. 2d 603; *H. E. McGonigal, Inc.* v. *Etherington* (1948), 118 Ind. App. 622, 79 N. E. 2d 777; *Riechmann* v. *Reasner* (1943), 221 Ind. 628, 51 N. E. 2d 10; *Stinebaugh* v. *Lucid* (1937), (T. D. 1937) 103 Ind. App. 690, 7 N. E. 2d 69; *Southern Ind. Gas & Electric Co.* v. *Storment* (1934), 206

Ind. 25, 188 N. E. 313; *Yellow Cab Co.* v. *Kruszynski* (1935), (T. D. 1935) 101 Ind. App. 187, 196 N. E. 136; *Jones* v. *Kasper* (1941), 109 Ind. App. 465, 33 N. E. 2d 816; *Hough* v. *Miller* (1942), 112 Ind. App. 138, 44 N. E. 2d 228."

Also in the case of *Glen Park Democratic Club, Inc., et al.* v. *Kylsa* (1966), 139 Ind. App. 393, at page 398, 213 N. E. 2d 812, this court stated:

"All applicable law in a given case need not be incorporated into one instruction, but instructions should be considered, with reference to each other, and as an entirety and not separately or in dissected parts. *Van Drake* v. *Thomas* (1942), 110 Ind. App. 586, 603, 38 N. E. 2d 878; *Livingston* v. *Rice* (1933), 96 Ind. App. 176, 178, 184 N. E. 583."

This court, in reviewing appellants' alleged error, must look not only to the particular instruction complained of, but must also review all the instructions given to the jury.

After an examination of all the instructions given, we find that the error complained of in plaintiff's instruction No. 3 is adequately covered in instructions P-5, C-9, C-10, C-11, C-12, C-17 and C-18. Therefore, we find that the jury was properly instructed on the law of the duty owed by an employer to an employee.

The appellants also contend that plaintiff's instruction No. 3 is a mandatory instruction and is incorrect in that it does not contain all the essential elements of law applicable to the case. We will not consider this contention of error because the appellants failed to make that specific objection to plaintiff's instruction No. 3 before the same was given, as required by Rule 1-7(2) of the Rules of the Supreme Court of Indiana. According to said Rule 1-7, "No error with respect to the giving of instructions shall be available as a cause for a new trial or on appeal, except upon the specific objections made as above required."

In the case of *Wolf, etc., et al.* v. *Lang Tr., Inc.* (1965), 136 Ind. App. 571, at pages 574-575, 203 N. E. 2d 308, the court stated:

"To present a question for review upon the ground that some procedure in the trial court is objectionable, appellant must make timely objection at the trial court level. *Azimow* v. *Stoker* (1960), 131 Ind. App. 195, 204, 166 N. E. 2d 887; 4 C.J.S., Appeal & Error, § 246, p. 764. Also, it is a basic rule that, on appeal, appellant is confined to the specific objection made in the trial court. *Tompkins* v. *Smith et al.* (1952), 122 Ind. App. 502, 106 N. E. 2d 487; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice (1963 Pocket Part), § 1993, p. 163. In this case, appellants did not timely object at the trial on the specific ground of error that they are now urging on appeal. They have therefore waived any possible error insofar as that which may be considered here."

Therefore, the appellants are precluded from now attempting to raise error based on an improper mandatory instruction.

The appellants next contend that the damages awarded by the jury are excessive. The appellants state that the jury's verdict was based on prejudice and bias and not supported by the evidence. The appellee, in her complaint, alleged certain damages and prayed for judgment in the sum of $20,000. The elements of damage submitted to the jury included the appellee's past and future loss of earnings, pain and suffering, and possible future medical expenses as well as those already incurred. The appellee was 38 years old at the time of this action.

This court in the case of *Indianapolis Transit, Inc.* v. *Moorman* (1963), 134 Ind. App. 572, 189 N. E. 2d 111, stated at pages 578-579:

"On the question of excessive damages in order to justify a reversal 'on such ground, the amount of damages assessed must appear to be so outrageous as to impress the court at "first blush" with its enormity.' *New York Cent. R.R.* v. *Johnson, Admx., etc.* (1955), 234 Ind. 457, 127 N.E. 2d 603; *Louisville, etc., R. Co.* v. *Kemper* (1899), 153 Ind. 618, 53 N. E. 931; *Hines, Director* v. *Nichol,s Admr.* (1921), 76 Ind. App. 445, 453, 454, 130 N. E. 140.

"After an examination of the evidence concerning the nature and extent of appellee's (plaintiff below) injuries we

conclude there was ample and sufficient evidence to justify the jury's verdict. We therefore cannot say that the jury in assessing the amount of damages herein was motivated by prejudice, passion, partiality, or corruption or considered some improper element. *New York Cent. R.R. Co.* v. *Johnson, Admx., etc., supra; N.Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 108 N. E. 2d 57; *Creamery etc., Co.* v. *Hotsenpiller* (1902), 159 Ind. 99, 64 N. E. 600; *Illinois, etc. R. Co.* v. *Creek* (1899), 152 Ind. 663, 53 N. E. 241; *Oppenheimer et al.* v. *Craft* (1961), 132 Ind. App. 452, 175 N. E. 2d 715.

"We, as apparently was the jury, are aware of the general inflation and the constant depreciation and cheapening of money. *New York Cent. R. R. Co.* v. *Johnson, Admx., etc., supra; Hahn et al.* v. *Moore* (1956), 127 Ind. App. 149, 133 N. E. 2d 900."

While this court takes note that the $20,000 damages awarded are liberal, this figure is not unsupported by the evidence and does not appear so excessive as to indicate passion, partiality, or some other prejudicial factor. *Swift and Co.* v. *Palmer* (1967), 141 Ind. App. 378, 228 N. E. 2d 38; *Central Indiana R. R. Co.* v. *Mikesell* (1966), 139 Ind. App. 478, 221 N. E. 2d 192; *Cohen, et al. D/B/A Hoosier Paint & Linoleum Co.* v. *Peoples* (1966), 140 Ind. App. 353, 220 N. E. 2d 665, (Tr. Den.).

By reason of all the foregoing, we conclude that no reversible error was committed, and we therefore must affirm the judgment of the trial court.

Judgment Affirmed. Costs vs. Appellants.

Lowdermilk, C.J., Carson and Sullivan, JJ., concur.

NOTE.—Reported in 257 N. E. 2d 851.