THE KROGER COMPANY, INC. *v.* BERTHA MAE WARD
AND ELLIS WARD.

[No. 370A36. Filed March 4, 1971. Rehearing denied April 23, 1971.
Transfer denied September 2, 1971.]

*Harold Abrahamson,* of Hammond, for appellant.

*Michael F. Yudt,* of Gary, for appellees.

ROBERTSON, J.—Bertha Mae Ward and Ellis Ward commenced separate actions against the Kroger Company, Inc., arising out of an incident which occurred on December 30, 1965, in a Kroger Store at the Village Shopping Center in Gary, Indiana, wherein plaintiff-appellee Bertha Mae Ward fell on a wet spot on the floor of the Kroger Store and sustained an injury to her left knee. The action commenced by plaintiff-appellee Ellis Ward, was for recovery of medical expenses and loss of services. By agreement of the parties, the causes were consolidated for trial and tried in the Newton Cir-

cuit Court without the intervention of a jury. A decision and judgment in favor of the appellee, Bertha Ward, in the sum of Five Thousand Dollars ($5000), and in favor of the appellee, Ellis Ward, in the sum of Seven Thousand Dollars ($7000), was rendered by the trial court.

A timely motion for a new trial was filed complaining of error as follows:

1. The decision is not sustained by sufficient evidence;
2. The decision is contrary to law; and
3. The damages awarded are excessive.

The motion was overruled thereby giving rise to this appeal.

The evidence in the record before us indicates that the weather on the day of the accident was very inclement with snow falling. The parking lot of the shopping center was covered with snow and slush. The plaintiff Bertha Ward entered the Kroger Store in the late afternoon at the only customer entrance through two automatic doors upon which warning signs had been posted by the manager, advising those entering the premises to watch their step. After entering the store a distance of two or three steps the plaintiff fell in a puddle of slushy water, which she saw, that had accumulated on the floor. The water and the floor were about the same color. The size of the pool of water was described by one witness by means of swinging her arm in an arc indicating the pool was about that size. The evidence further indicated that the manager was aware that this water was accumulating as customers came into the store, and put up the signs as well as telling an employee to provide what was termed as "constant maintenance" in removing the water. The evidence did fail to show that that employee was present at the time of the fall. The manager testified that there was a thawing agent being used in the parking lot which had created an even more slippery condition for customers entering the store if they were wearing rubber-soled shoes, as the plaintiff was in this instance. The evidence further indicates that the plain-

tiff had to use two crutches for a period of more than one year, then used one crutch and one cane for an even longer period of time, and at the time of the trial was still using a cane. The medical evidence further indicated that there was a pre-existing arthritic condition in the plaintiff's injured knee. There was medical testimony concerning torn cartileges, loose bodies in the knee, and a hairline fracture of the upper tibia.

The plaintiff-appellee Bertha Ward's household duties subsequent to the time of the injury were limited to occasional laundry and ironing. The plaintiff Ellis Ward testified to a loss of consortium during the period in question.

The appellant assigns only one error as a basis for this appeal, "The court erred in denying defendant's alternative motion to vacate its decision and judgment and enter judgmen in favor of the defendant or in the alternative to grant a new trial."

The court, on appeal, will not weigh the evidence. This rule of law is so elementary as to not require a citation of authority. In the instant case the trial court had the opportunity to see and hear the witnesses, consider the evidence in its entirety, and render a decision based upon the law and facts accordingly. Where the facts relative to negligence and contributory negligence are disputed, or where more than one inference can be drawn from the facts, the question of negligence or contributory negligence is one for the trier of fact, whether it be tried before a jury or a judge. *Robertson Bros. Dept. Store* v. *Stanley* (1950), 228 Ind. 372, at pp. 378, 379, 90 N. E. 2d 809 at p. 811 and authorities cited therein. The evidence relative to negligence and contributory negligence was conflicting and was resolved by the trial court in favor of the appellee. The evidence and the inferences which legitimately flow therefrom are sufficient to establish negligence on the part of the appellant.

The defendant's duty was the exercise of ordinary care to keep the store in reasonably safe condition and in a manner

which would not cause injury to one lawfully entering
for the purpose of making purchases, and this duty is
active and continuous. *Huttinger* v. *G. C. Murphy Company* (1961), 131 Ind. App. 642, 172 N. E. 2d 74; *Hickey, etc.*
v. *Shoemaker* (1961), 132 Ind. App. 136, 167 N. E. 2d 487.

The appellant relies heavily upon the doctrine that the storekeeper is not liable for objects on the floor placed by third persons, such as the slush and water being tracked in by the customers in this case, and this is true as far as it goes. However, if that object remains on the floor for such a length of time and under such conditions that it would have been discovered before the injury by the exercise of ordinary care, then liability would exist on the part of the storekeeper, *J. C. Penney, Inc.* v. *Kellermeyer* (1939), 107 Ind. App. 253, 19 N. E. 2d 882.

In affirming the granting of a motion for a directed verdict for the storekeeper in *Wade* v. *Three Sisters, Inc.* (1962), 134 Ind. App. 58, at p. 66, 186 N. E. 2d 22, at p. 26, the court pointed out the evidence lacked any inference of, *inter alia:*

". . . (3) That the appellee or its agents or servants knew that such object or material was on the floor or that the same had been upon the floor for such time and under such conditions that in the exercise of ordinary care they should have known about it."

There is sufficient evidence in the record to support the fact of constructive, if not actual notice on the part of the storekeeper in the case at bar of the existence of the water on the floor, the ordering of performing constant maintenance being but one example. The area covered by the puddle, as per the evidence, gives rise to a permissible inference that a period of time sufficient to give appellant notice of its presence was necessary to allow an accumulation of such size.

The appellant has addressed himself to the proposition that the combined award to the plaintiffs of Twelve Thousand Dollars ($12,000), under the facts of this case, was excessive. An excellent discussion of a similar contention, insofar as it

pertains to excessive damages, is contained in *Lloyd* v. *Weimert* (1970), 146 Ind. App. 666, 257 N. E. 2d 851, at pp. 857, 858. In that opinion ample authority is cited to show there will only be a reversal on the grounds of excess damages in the event the amount assessed appears to be so outrageous as to impress the court at first blush with its enormity. After an examination of the record we can not say that the trier of fact in this case was motivated by prejudice, passion, partiality, or corruption or considered some improper element. While this court does take note of the fact that the damages awarded are liberal, the figure is not unsupported by the evidence and does not appear to have been based upon the existence of any of the foregoing criteria. *Lloyd* v. *Weimert, supra,* and authorities cited therein.

The appellant raises the question of whether or not the court erred in restricting his cross-examination of the store manager.

"Q.    And isn't it also true that as long as the early part of 1967—strike that. Can you describe the volume of customer traffic that existed in your store the latter part of the afternoon on December 30, 1965?

"MR. YUDT:    I will object to that, your Honor, it is not proper cross examination. That was not brought out in direct examination."

After some discussion by the court and attorneys as to what questions were asked on the examination in chief, the court sustained the objection. A review of the record reveals the witness had testified on direct examination to his leaving and entering the store, the weather conditions on the 30th of December, 1965, the physical layout of the store, his observations regarding the water on the floor and his reactions thereto, and his conversations with the appellee after the fall. While it is true the witness was not asked on direct examination a question specifically regarding the number of customers entering the store on the day in question, the sustaining of the objection did not permit a full and detailed

investigation of the general subject matter inquired into upon direct examination. *Mark* v. *City of Indianapolis, etc.* (1966), 247 Ind. 511, 211 N. E. 2d 434.

A second question regarding an evidentiary ruling of the court concerned the following question:

"Q.  All right. Now is it fact, Mr. Philpott, that prior to this date, December 30, 1965 and while you were manager at the Village Shopping Kroger Store that other customers had had problems of slippage in this same general area of the entrance proper to your store?

"MR.  ABRAHAMSON:  To which we are going to object. I don't think things that occurred, or occurred on dates other than the one in question are material or relevant to any of the issues of the case.

"THE  COURT:  The Court will overrule the objection because you have to prove knowledge in this kind of a case."

On appeal the appellant now contends error was committed in that the question and the affirmative answer of the witness does not prove notice since no time was specified. Indeed, the question as asked was too broad to prove notice in this particular case, but as we have previously indicated notice had been proven by other means, as shown by the storekeeper's words and deeds, as well as by proper inferences to be drawn from the physical facts.

Although there was error, in this court's opinion, that error taken individually or in combination was not prejudicial, especially since there was no jury, therefore, they do not constitute reversible error. Indiana Rules of Procedure, TR. 61.

The judgment of the trial court is affirmed in Cause Number C68-202 of the Newton Circuit Court.

The judgment of the trial court is also affirmed in Cause Number C68-198 of the Newton Circuit Court.

Buchanan and Lowdermilk, JJ., concur; Sullivan, P.J., concurs.

NOTE.—Reported in 267 N. E. 2d 189.