Roger P. GONZALEZ, Sr., Individually and as Administrator of the Estate of Jennie Gonzalez, and Judith Gonzalez, Plaintiffs-Appellees,

v.

VOLVO OF AMERICA CORPORATION, Defendant-Appellant,

and

U-Haul Company of Central Indiana, Inc., d/b/a U-Haul Moving Center, Defendant.

No. 82–2786.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 26, 1983.

Decided Jan. 4, 1985.

As Amended on Denial of Rehearing and Rehearing En Banc March 8, 1985.

Mark C. Ladendorf, Yosha & Cline, Indianapolis, Ind., for plaintiffs-appellees.

William M. Osborn, Osborn & Hiner, Indianapolis, Ind., for defendant-appellant.

Before CUDAHY, Circuit Judge, PELL, Senior Circuit Judge, and WILKINS, Senior District Judge.*

PER CURIAM.

The controversy in this case has traveled a tortuous path. In March of 1978, plaintiff-appellee Roger Gonzalez, Sr. filed suit in the United States District Court for the Western District of Arkansas. Plaintiff-appellee sought damages for the wrongful death of his wife, Jennie Gonzalez, and also sought damages for personal injuries incurred by his minor daughter Judith, for whom he appeared as next friend. Plaintiff-appellee named U-Haul of Central Indi-

* Philip C. Wilkins, Senior District Judge for the Eastern District of California, sitting by designa-
tion.

ana, Inc. as the sole defendant in that action.

Six months later, Roger Gonzalez, Sr. added defendant-appellant Volvo of America Corporation as a defendant in his Arkansas action. Approximately one year later, the court dismissed his complaint against U-Haul for lack of personal jurisdiction. Gonzalez subsequently filed a new action against U-Haul in the United States District Court for the Southern District of Indiana and then successfully moved to transfer his Arkansas action against Volvo to the same district.

The Indiana district court consolidated these actions against U-Haul and Volvo. At this time, three years after his wife's death, Roger Gonzalez, Sr. was appointed administrator of his wife's estate. One year later, Gonzalez filed an amended complaint to reflect this change of status. In addition, Judith Gonzalez filed suit in her own name against defendants U-Haul and Volvo, she having attained majority. The Indiana district court accepted these complaints as timely and held a jury trial in August, 1982.

The jury returned a verdict against defendants U-Haul and Volvo, and the court entered its judgment accordingly. Defendant U-Haul subsequently negotiated a loan-receipt agreement with plaintiffs Roger and Judith Gonzalez and has not appealed. Defendant Volvo appealed.

On May 16, 1984, 734 F.2d 1221, this court reversed the jury's verdict and remanded the case to the Southern District of Indiana for a new trial. This opinion supersedes that decision.

## I. THE FACTS

This case arose from a one-car accident which took place in Arkansas on September 2, 1977, at approximately 4 a.m. The car involved in this accident was a 1974 Volvo station wagon. The Volvo was pulling a U-Haul trailer by means of a Croft PH 60 hitch installed by defendant U-Haul. Plaintiff Judith Gonzalez was driving the car at the time of the accident. Testimony presented at trial established that she lost control of the Volvo. The Volvo subsequently rolled over, still pulling the U-Haul trailer.

Judith Gonzalez and her mother, Jennie Gonzalez, were thrown from the car. Jennie Gonzalez died as a result of her injuries. Judith Gonzalez suffered severe back injuries, but regained her ability to walk after surgery and substantial physical therapy.

Plaintiffs Judith and Roger Gonzalez do not contend that Volvo manufactured their 1974 station wagon, or its bumper, defectively. Rather, plaintiffs maintain that their Volvo was "in a defective condition unreasonably dangerous" because defendant-appellant Volvo of America Corporation failed to warn them that certain trailer hitches should not be attached to Volvo's energy absorption bumpers. *See* RESTATEMENT (SECOND) OF TORTS § 402A and comment j (1965). Volvo's owners manual warned Volvo owners that driving with a trailer involved no particular difficulties provided they followed the recommendations of the trailer manufacturer concerning equipment and loading. The owners manual additionally advised Volvo owners that Volvo dealers could recommend suitable hitches for Volvo vehicles. The plaintiffs concede that they never discussed the matter of a hitch with any representative of Volvo.

Evidence presented at trial suggested that the Croft PH 60 hitch, which defendant U-Haul attached to the Gonzalez station wagon, was unsuitable for use with that vehicle. The evidence indicated that the Croft PH 60 hitch was designed for use with outmoded C-shaped bumpers and not modern energy absorption bumpers. Roger Gonzalez testified that U-Haul selected the Croft PH 60 hitch after two other trailer hitches would not work.

## II. DEFENDANT–APPELLANT'S CONTENTIONS

Volvo appeals from the district court's entry of judgment for plaintiffs-appellees

on several grounds. Only three of these grounds merit discussion.

### A. Closing Argument

First, Volvo maintains that this court must order a new trial to rectify the allegedly flagrant misconduct of plaintiffs' attorneys during closing argument. In particular, Volvo directs the court's attention to counsel's repeated references to defendant-appellant's corporate stature and wealth. Volvo argues that counsel for plaintiffs thereby appealed to the jurors' sympathy by contrasting its wealth with the relative poverty of plaintiffs. In addition, Volvo argues that counsel for plaintiffs suggested that its officers were guilty of criminal behavior. Finally, Volvo contends that counsel for plaintiffs urged the jurors to consider improper and extraneous matters in returning their verdict. Volvo cites as an example the following appeal by counsel for plaintiffs to the jury:

> You will have a chance to do something about this all. You ladies and gentlemen, as jurors, are the representatives of our community. You, by your verdict today in this court, will be able to set safety standards that you want applicable for our country. You will be able to tell these defendants, 'We will not tolerate you putting a defective product out on the market which will cause the death of a loved one and break the back of another—because we don't want it to happen to our loved ones.'

Volvo does not explain, however, why it failed to object to these statements at the time they were made.

■ This court agrees that counsel's conduct was grossly immoderate. Indeed, we are not able to state affirmatively that this type of appeal to the jury might not have influenced the eventual verdict improperly. Nevertheless, we believe that defendant-appellant should have voiced its objection to the trial court at the time the immoderate comments were made. The Supreme Court, similarly, has held a civil defendant bound by its silence at trial. In *U.S. v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 238–39, 60 S.Ct. 811, 851–52, 84 L.Ed.

1129 (1940), for example, the Court observed: "[C]ounsel for the defense cannot as a rule remain silent, interpose no objections, and after a verdict has been returned seize for the first time on the point that the comments to the jury were prejudicial."

Like the defendant in *Socony-Vacuum*, defendant-appellant waited until the jury had returned an unfavorable verdict to complain to the trial court that plaintiffs' closing argument had been improper. Perhaps defendant-appellant feared that a contemporaneous objection would incur hostility from the jury. This court need not speculate as to the nature of defendant-appellant's motives. Suffice it to note, however, that risky gambling tactics such as this are usually binding on the gambler. This court has not hesitated in the past to bind a party to its strategic decision to sit silent in the face of claimed error by refusing relief when the party complains because the result is unfavorable. *See Sadowski v. Bombardier Ltd.*, 539 F.2d 615, 618 (7th Cir.1976). *See also Wichmann v. United Disposal, Inc.*, 553 F.2d 1104, 1106 (8th Cir.1977).

Some fundamental trial errors, of course, may mandate new trials despite the lack of contemporaneous objection. *See Christian v. Hertz Corp.*, 313 F.2d 174, 175 (7th Cir. 1963). Nonetheless, we decline to find that such fundamental error occurred here. In the absence of objection and the giving to the trial court an opportunity to attempt to ameliorate the situation by a curative instruction, we must assume that the jury had the ability to separate inflammatory and emotional rhetoric from the relevant facts in the case. We also observe that defendant-appellant did not appeal on the ground that the jury's verdict was excessive, and thus apparently implicitly conceded that the jury was uninfluenced by extraneous concerns. As a consequence, this court declines to reverse the jury's verdict on the basis of misconduct by appellees' counsel during closing argument.

### B. Choice of Law

Appellant's next contention gives us more cause for concern. Appellant con-

tends that these actions should never have advanced to trial at all because they were untimely. However, their untimeliness depends upon what law governs the various issues in the case.

The district court below applied federal procedural law to determine whether the actions filed by Roger Gonzalez, Sr. and Judith Gonzalez were timely. In particular, the district court applied Federal Rules of Civil Procedure 15(c) and 17(a) to relate plaintiffs' final amended complaints back to the date of their prior complaints against Volvo.

Volvo maintains that the relation-back issue was substantive and not procedural. As a result, Volvo contends that state substantive law should govern the relation-back issue in this diversity case. Volvo argues that timely substitution of Judith Gonzalez for her father as next friend was a substantive condition precedent to her ability to bring suit. Likewise, Volvo argues that timely appointment of Roger Gonzalez, Sr. as administrator of his wife's estate was a substantive condition precedent to his ability to sue for her allegedly wrongful death. Volvo asserts that under the substantive law of either Arkansas, the original forum, or Indiana, the transferee forum, plaintiffs' claims would be barred.

We did not resolve this substantive-procedural dilemma in our first decision on Volvo's appeal to this court. Rather, we acknowledged the choice of law difficulties presented by this case and noted that the district court below had never decided what substantive law should govern it. We then directed the district court to make an explicit choice of law on remand.

We reaffirm that the case presents significant choice of law issues. Specifically, the case triggers the concerns addressed in *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), and its progeny because plaintiffs originally invoked the diversity jurisdiction of a transferor forum which lacked personal jurisdic-

tion over one of the defendants. No one disputes that the Arkansas district court in which Roger Gonzalez, Sr. originally filed suit had personal jurisdiction over Volvo. To the contrary, the only unresolved question before this court concerns whether the presence of jurisdiction over Volvo in Arkansas mandates the application of Arkansas choice of law and products liability principles to this case.

 Volvo did not contend in the court below that Arkansas law should govern this case. Rather, Volvo, as well as plaintiffs, based its arguments on Indiana products liability law. At this late point in this long-going litigation we are reluctant to start it over at stage one particularly where there has been no clear showing that there is any variance between the applicable law of the two states. *See* Ehrenzweig and Westen, *Fraudulent Conveyances In The Conflict Of Laws: Easy Cases Make Bad Laws*, 66 MICH.L.REV. 1679, 1685 (1968). Where parties fail to raise a possible conflict of substantive laws, the better rule, in our opinion, is that the substantive law of the forum controls. *See Klimas v. International Telephone And Telegraph Corp.*, 297 F.Supp. 937, 939 (D.R.I.1969). Thus, we review this case on the basis of Indiana products liability law.

### C. Products Liability

Indiana has adopted the theory of strict products liability set forth in the Restatement of Torts § 402A.[1] *Ayr-Way Stores, Inc. v. Chitwood*, 261 Ind. 86, 93, 300 N.E.2d 335, 340 (1973). *See also Lantis v. Astec Industries, Inc.*, 648 F.2d 1118, 1120 (7th Cir.1981). Section 402A states, in pertinent part:

> (1) One who sells any product in a *defective condition unreasonably dangerous* to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

---

1. Indiana's statutory products liability rules do not apply to this cause of action because it accrued before June 1, 1978. IND.CODE ANN. § 34-4-20A-1, compiler's notes (Burns Supp. 1984).

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

RESTATEMENT (SECOND) OF TORTS § 402A (1965) (*emphasis added.*)

■ A product may be in an unreasonably dangerous defective condition within the meaning of Section 402A because its seller failed to warn potential users of foreseeable dangers associated with its use. RESTATEMENT (SECOND) OF TORTS § 402A comment j (1965). *Accord Craven v. Niagara Mach. & Tool Works, Inc.,* 417 N.E.2d 1165, 1169 (Ind.App.1981), *rev'd on other grounds,* 425 N.E.2d 654 (Ind.App. 1981). Courts that have examined the issue agree that this notion of a defect under Section 402A focuses on dangers beyond those contemplated by an ordinary consumer. *See Greeno v. Clark Equipment Co.,* 237 F.Supp. 427, 429 (N.D.Ind.1965). *See also Burton v. L.O. Smith Foundry Products Co.,* 529 F.2d 108, 112 (7th Cir.1976); *Downey v. Moore's Time-Saving Equipment,* 432 F.2d 1088, 1091 (7th Cir.1970). Roger and Judith Gonzalez claim that Volvo's failure to advise them that hitches like the Croft PH 60 hitch were inappropriate for use with their station wagon rendered their station wagon "defective" in this sense. Indeed, they proceeded against Volvo solely on this basis.

■ We acknowledge that Section 402A imposed upon Volvo a duty to provide plaintiffs with a reasonably safe station wagon. In our opinion, however, this duty did not extend to a requirement to warn them that a particular trailer hitch was unsafe to use, particularly when it was installed as appropriate by a company engaged in the business of renting trailers. The intervention of a professional such as U-Haul is the rule and not the exception when consumers rent trailer hitches. It was the duty of such professionals and not the duty of defendant-appellant to select an appropriate hitch for plaintiffs. Stated otherwise, the station wagon which defendant Volvo furnished to plaintiffs was not dangerous beyond the expectations of ordinary consumers. Ordinary consumers consult trailer lessors such as U-Haul when renting trailer hitches, a necessary addition if the trailer is to be utilized. It is the advice of such third parties, and not the warnings of automobile manufacturers upon which ordinary consumers do, and should be entitled to, rely.

■ This discussion of duty closely resembles the law of negligence, even in this strict liability case. This similarity exists because the language and concepts of reasonableness which determine unreasonable risk under Section 402A are the same concepts used in a negligence case. *Ortho Pharmaceutical Corp. v. Chapman,* 180 Ind.App. 33, 388 N.E.2d 541, 550 (1979). *Cf. Flaminio v. Honda Motor Co., Ltd.,* 733 F.2d 463, 466–67 (7th Cir.1984). The principles of negligence law are particularly appropriate in Section 402A cases based on a failure to warn. *Accord* W. PROSSER, THE LAW OF TORTS § 96 (1971). *Cf. Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 364 N.E.2d 267, 272–73 (1977). Thus, our conclusion that Volvo's duty to plaintiffs did not include a duty to warn them that certain hitches were improper for use with their station wagon precludes us from finding Volvo liable in products liability and in negligence.

■ The determination of any question of duty—that is, whether the law imposed upon the defendant the obligation to protect the plaintiff against the consequences which occurred—is a question of law, and is not for the jury. *See* W. PROSSER, THE LAW OF TORTS § 45 (1971). Therefore, the determination of whether Volvo had an obligation to protect plaintiffs from the consequences of a bad hook-up by U-Haul by means of a warning should have been resolved by the trial court. Because the facts of this case so cogently demonstrate that Volvo had no such duty, we find that the court below should have granted Volvo's motion for a directed verdict on this basis.

■ This court has held that state law standards govern the denial of a motion for a directed verdict in diversity cases. *Kuziw v. Lake Engineering Co.*, 586 F.2d 33, 35 (7th Cir.1978). Because we apply the substantive law of Indiana to the facts of this case, Indiana's standard for directed verdicts controls. In Indiana, an appellate court may not reverse the judgment of a trial court on the ground that it did not direct the jury's verdict unless:

> the record ... show[s] a total absence of evidence or legitimate inferences to be drawn therefrom on an essential issue of [appellee's] case; or the evidence ... is without conflict and lead[s] to but one inference, that inference being for the [appellant].

*Lloyd v. Weimert*, 146 Ind.App. 666, 673, 257 N.E.2d 851, 856 (1970). In this case, we find the record bereft of evidence to suggest that Volvo owed plaintiffs a duty to warn that hitches like the Croft PH 60 hitch were inappropriate for use with their station wagon.

Indeed, the trial court excluded evidence Volvo tendered to it which negated such a duty to warn. Specifically, Volvo sought to introduce testimony of a Volvo employee in its consumer affairs department to the effect that Volvo had received no complaints about its energy absorption bumpers. Because Volvo could not warn about dangers of which it had no actual or constructive knowledge, this evidence would have corroborated that no duty to warn had arisen independently. *See Travis v. Harris Corp.*, 565 F.2d 443, 449 (7th Cir. 1977); *Indiana National Bank of Indianapolis v. DeLaval Separator Co.*, 389 F.2d 674, 676 (7th Cir.1968). There was no evidence Volvo did have such independent knowledge.[2]

■ A supplier of products, as we have indicated, does have a duty to warn of foreseeable dangers associated with their use. Foreseeability would, however, be pushed beyond any reasonable limit if it encompassed a listing of all devices, such as a trailer hitch, purchasable in the automobile appliance market which devices might cause the vehicle itself to malfunction.

Finally, we note that U-Haul, as it appears well-advised to have done, has bought out by a loan-receipt agreement and now hopes to recoup in a situation where it should have been solely liable.

### III. CONCLUSION

Because we find that Volvo breached no duty to plaintiff-appellees, we REVERSE the judgment of the district court as to Volvo and REMAND the case with direction to enter judgment for defendant-appellant.

CUDAHY, Circuit Judge, dissenting.

The majority's superseding opinion in the present case represents, I think, better law than its previous opinion, but unfortunately reaches a less desirable result. Thus, although the opinion reflects the two concerns which were the bases of my previous dissent, I am not able to join in it and must continue respectfully to dissent.

Volvo has waived any objection it may have had to the comments of plaintiffs' counsel during their closing arguments; I therefore agree with the majority that we need not reach this issue.

Unfortunately, the majority does not clearly distinguish between the two distinct choice of laws issues before us. The first is whether the substantive law of Arkansas or that of Indiana governs the products liability issues in this case. That issue has been clearly waived by Volvo, which contended for the application of Indiana law— the law which the trial court applied. This is the issue to which *Van Dusen v. Bar-*

---

**2.** The Sixth Circuit found a lack of prior claims to be relevant evidence in a duty to warn case it recently decided. *Koloda v. General Motors Corp.*, 716 F.2d 373, 376–77 (1983). That court deemed it an abuse of discretion to exclude the proffered evidence. This court, however, declines to reach the abuse of discretion issue in light of our prior findings regarding Volvo's duty to warn.

*rack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), is addressed, and which we need not reach.

The second choice of law issue concerns the relationship between the federal rules of civil procedure and state law which the state courts have labeled "substantive." The specific problem before us is the timing of the appointment of a personal representative for an estate and the substitution of a party who reaches her majority while the suit is pending. The federal rules deal quite sensibly and flexibly with problems such as those in this case. FED.R.CIV.P. 15(c) and 17(a). The Indiana courts have adopted what appear to be hypertechnical and inflexible approaches to these matters. Volvo has insisted all along that Indiana substantive law governs. The district court applied the federal procedural rules, and, in my opinion, was quite correct in doing so. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), and especially *id.,* 380 U.S. at 474–78, 85 S.Ct. at 1145–48 (Harlan, J., concurring). *But see Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Insofar as the majority implies either that Indiana substantive law governs these issues or that Volvo has waived them, I cannot agree. However, since the district court correctly applied the federal rules and the majority does not reverse on this ground, my objection for the record is to the implication rather than to the result.

My disagreement with the majority's treatment of the Indiana substantive law on the duty to warn is, however, more weighty. The plaintiffs' theory, that Volvo had a duty to warn them that hitches designed for the old type of bumper were unsuitable for the new Volvo bumpers, is attenuated, but it is not absurd. Whether Volvo had such a duty is a close question of substantive law. (Clearly it does have such a duty with respect to future trailer-hitch-using owners since it now knows of the dangers of the outmoded hitches.) The facts of this case do not "so cogently demonstrate that Volvo had no such duty," as the majority puts the matter. Therefore the majority errs in reversing the trial court's denial of Volvo's motion for a directed verdict. *Lloyd v. Weimert,* 146 Ind. App. 666, 257 N.E.2d 851 (1970), instructs us to respect the trial judge's determination and affirm the judgment on the verdict. At the least, the previous opinion, with its deficiencies, did not deprive the plaintiffs of the opportunity for a new trial.

I therefore respectfully dissent.